**Clifton Robert OLIVER, Appellant,**

v.

**STATE OF CALIFORNIA, and John H. Klinger, Warden, Appellees.**

**No. 20398.**

United States Court of Appeals
Ninth Circuit.

July 26, 1966.

Rehearing Denied Aug. 23, 1966.

———◆———

Clifton Robert Oliver, Los Padres, Cal., in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Bradley A. Toutt, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before POPE, JERTBERG and ELY, Circuit Judges.

JERTBERG, Circuit Judge:

Appellant, a prisoner of the State of California, detained at the California Men's Colony, East Facility, Los Padres, California, filed his petition for writ of habeas corpus in the United States District Court for the Southern District of California. Such court has jurisdiction to entertain a petition for writ of habeas corpus by a State prisoner under 28 U.S.C. § 2241(a).

Petitioner was charged in the Superior Court of the State of California in and for the County of Los Angeles, with the offense of burglary. Following trial to the court, sitting without a jury, he was convicted, and on November 21, 1963, was sentenced to confinement for the term prescribed by law. He filed no appeal from the judgment of conviction, and filed no petition for writ of habeas corpus with any of the courts of the State of California.

On July 15, 1965, he filed his petition for writ of habeas corpus in the Federal Court as above stated. The petition was denied by the District Court on the ground that the petitioner " 'is not entitled thereto'. (28 U.S.C.A., § 2243)." The order of denial also states: "that the petitioner has not exhausted all the State remedies available to him. (Morehead v. State of California, 9 Cir., 1964, 339 F.2d 170, 171)."

In his petition appellant states that he was denied a fair trial; denied the right to an attorney upon arrest, and upon request; and "denied my Constitutional Rights under the 5th., 6th. and 14th. Amendments of the United States Constitution."

As facts supporting his petition, petitioner states: "I was denied a fair trial. The State used illegal evidence of incriminating statements alleged to have been made at the time of arrest. These statements were used at the trial to prejudice the Court against the defendant."

Appellant makes no claim that the incriminating statements made by him were other than voluntary, and his sole contention is that such statements were inadmissible because made at the time of his arrest, without first being advised of his right to counsel and his right to remain silent.

██ Appellant contends that his situation is within the rule announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and People v. Dorado, 62 Cal.2d 338, 42 Cal.Rptr. 169, 398 P.2d 361 (1965). He further contends that the rule in *Escobedo* should be applied retroactively and that since the Supreme Court of California had refused to apply the *Escobedo* rule retroactively in In re Lopez, 62 Cal.2d 368, 42 Cal.Rptr. 188, 398 P.2d 380 (1965), he was excused from first seeking relief in the Courts of the State of California on the ground that such action would be fruitless. This contention is rejected. In the interest of orderly procedure, appellant was required to exhaust all available and practicable State remedies, and his anticipation of an unfavorable disposition of his claims in the State courts affords no excuse for his failure to do so.

As indicated, the appellant now has no standing in the Federal courts. A recent decision, however, makes it clear that appellant is not entitled to relief either in the State courts or Federal courts, and for the conservation of judicial effort, we point to the controlling decision. Up to the time of the filing of the briefs in the instant case, the Supreme Court of the United States had not determined whether the rule in *Escobedo* should be applied retroactively. How-

ever, on June 20, 1966, in Johnson and Cassidy v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the Supreme Court decided that the rulings in *Escobedo* concerning the right to counsel and the right to remain silent are to be applied prospectively, and operate retroactively only as to those cases in which the trial began after June 22, 1964, the date of that decision. Hence, the ruling of the Supreme Court of California in *In re Lopez,* supra, is consistent with the ruling announced in *Johnson and Cassidy v. State of New Jersey,* supra. Appellant's case became final more than a year prior to the date of the decision in *Escobedo.* The *Escobedo* rule may not be applied to this case.

The District Court properly denied appellant's petition on the ground that the petitioner "is not entitled thereto."

The order appealed from is affirmed.