**Victor Carlton FORSYTHE, Petitioner,**

v.

**STATE OF CALIFORNIA, Respondent.**

**Civ. No. 69–2452.**

United States District Court
C. D. California.

Dec. 17, 1969.

Victor Carlton Forsythe, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner alleges that he has been charged in a California State Information with a violation of Calif. Health & Safety Code § 11530 (West, 1964), planting, cultivating, and harvesting marihuana, and has been released on his own recognizance pending a trial, on January 5, 1970, in Orange County, California. Petitioner alleges that the evidence that will be presented at his trial was obtained in contravention of his Fourth and Fourteenth Amendment rights, and that he has moved in the State Court for suppression of this evidence pursuant to Calif.Penal Code Ann. § 1538.5 (West. Cumm.Supp., 1968). All pretrial relief pursuant to § 1538.5 has been denied by the State Courts, and Petitioner contends that this is a final determination of his Fourth and Fourteenth Amendment rights in the State Courts.

Petitioner alleges that he is entitled to Federal habeas corpus relief because he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)

---

**68**

(1959). Since Petitioner is free on his own recognizance pending trial, it is evident that the Petition for Writ of Habeas Corpus should be denied because Petitioner is not "in custody" within the meaning of § 2241(c). Matysek v. United States of America, 339 F.2d 389 (9th Cir., 1964), cert. denied, 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437 (1965); and Odell v. Haas, 280 F.Supp. 208 (W.D. Wis., 1968). This Court recognizes the impact of recent Supreme Court cases that conclude there are other restraints on a man's liberty than physical imprisonment, Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), and Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). But this Court also believes that the broad meaning of "custody" given by these Supreme Court cases and their progeny, Marden v. Purdy, 409 F.2d 784 (5th Cir., 1969), does not require this Court to conclude that a petitioner who is free on his own recognizance, who has not been convicted by a State Court, and who has not exhausted all of his State remedies is entitled to Federal habeas corpus relief.

■ Moreover, and contrary to the allegation in the present Petition, Petitioner has *not* "litigated [his illegal search and seizure claim] to the fullest extent possible in the California Courts", because the proceedings pursuant to Calif. Penal Code § 1538.5 merely provide the exclusive *pretrial* remedy to test the unreasonableness of a search and seizure. Section 1538.5 explicitly provides for further review of the validity of the search and seizure by way of *post-trial* appeal from any judgment of conviction. Thus, and independently of the fact that Petitioner is not in custody, and even assuming he is in custody, he has not exhausted his available State remedies, and for this additional reason his attempt at Federal habeas corpus is premature. 28 U.S.C. § 2254(b) (Supp., 1967); and Oliver v. State of California, 364 F.2d 311 (9th Cir., 1966).

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.