[Crim. No. 18101. Second Dist., Div. Four. Nov. 16, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR VEGA, Defendant and Appellant.

## COUNSEL

Philip J. Catanzaro, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendant was charged with, and convicted of, possession of marijuana, in violation of section 11530 of the Health and Safety Code. He was granted probation. He has appealed from the judgment (order granting probation). For the reasons set forth below, we affirm.

The sole contention made on this appeal is that the evidence against defendant was improperly admitted because obtained by illegal means. That contention is not open to defendant on this appeal.

Defendant made a motion under section 1538.5 of the Penal Code to suppress the evidence against him, and also moved to dismiss the information under section 995 of that code. Both motions were granted. The People then appealed from the order of dismissal and petitioned for a writ of mandate to compel the trial court to vacate the order of suppression. Division One of this court reversed the order of dismissal and issued its writ of mandate, directing the trial court to vacate its order suppressing evidence and to make an order denying the motion to suppress. (*People* v. *Superior Court (Vega)* (1969) 272 Cal.App.2d 383 [77 Cal.Rptr. 646].)

Under these circumstances, the question of the admissibility of the evidence is no longer a litigable issue. Once a motion to suppress has been made and denied, the question of admissibility is no longer at issue in the trial court, except in the instances specially provided for in section 1538.5, neither of which are herein involved. (Pen. Code, § 1538.5, subd. (m); *People* v. *Superior Court* (1970) 3 Cal.App.3d 476 [83 Cal.Rptr. 771].) There are two alternative modes of review of an order made under section 1538.5—if the order is favorable to defendant, the People may seek a writ of mandate in the appellate court, as was done here; if the order is unfavorable to defendant he may seek a similar writ, or he may go to trial and seek review of the order on appeal from a judgment of conviction. But, if either party seeks review by way of the writ procedure, the determination of the appellate court is thereafter binding at all future stages. It is the purpose of the procedure under section 1538.5 to determine, in advance of trial if possible, the legal and factual issues governing the admissibility of evidence secured by possible violations of the search and seizure clause. One opportunity for appellate review is afforded. It would violate the policy of the statute and all settled rules relating to the law of the case to allow a party, having once had a full appellate review, to again seek, from an appellate court, a second look at his case.

On this appeal, defendant points out that the arresting officer, in his trial testimony, did not include all of the details to which he had testi-

fied at the earlier 1538.5 hearing. The fact is without significance; the determination of the 1538.5 motion, pursuant to the mandate of the Court of Appeal, settled once and for all, that the physical evidence was not subject to exclusion on the ground of illegal search and seizure. No testimony at the trial stage was required to revalidate its admission as against such attack.

The judgment (order granting probation) is affirmed.

Files, P. J., and Dunn, J., concurred.