[Civ. No. 11585. Fourth Dist., Div. Two. Oct. 14, 1971.]

THOMAS WARREN NERELL, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest

**COUNSEL**

Frank L. Williams, Jr., Public Defender, and James R. Goff, Deputy Public Defender, for Petitioner.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, and Alicemarie Huber, Deputy District Attorney, for Respondent and Real Party in Interest.

**OPINION**

**KERRIGAN, Acting P. J.**—Petitioner (Nerell) was charged in the municipal court with possession of marijuana (Health & Saf. Code, § 11530), possession of marijuana for purposes of sale (Health & Saf. Code, § 11530.5), possession of dangerous drugs (Health & Saf. Code, § 11910), and possession of dangerous drugs for purposes of sale (Health & Saf. Code, § 11911). A combined preliminary examination and motion to suppress hearing was conducted in the municipal court. The municipal court suppressed a quantity of contraband which was found in a briefcase in the petitioner's residence at the time of his arrest. As a result of the ruling,

petitioner and a codefendant (Larson) were held to answer only on one count, to wit, possession of marijuana (Health & Saf. Code, § 11530).

An information was filed in the superior court charging Nerell and Larson with possession of marijuana (Health & Saf. Code, § 11530) and possession of marijuana with intent to sell (Health & Saf. Code, § 11530.5). Petitioner pleaded not guilty. The district attorney requested a special hearing to relitigate the validity of the municipal court judge's order suppressing evidence. (Pen. Code, § 1538.5, subd. (j).) Transcripts of the combined preliminary hearing and motion to suppress hearing were introduced pursuant to stipulation. After reviewing the transcripts, the superior court granted the prosecution's motion to permit the evidence contained in the briefcase to be introduced at petitioner's trial. The judge predicated his ruling on the ground that the codefendant Larson had consented to the search of the briefcase.

On May 18, 1971, the district attorney filed an amended information charging Nerell and Larson with the identical four counts of narcotics and dangerous drug violations which were initially contained in the original complaint filed in the municipal court. Petitioner pleaded not guilty to the four counts, made a motion to dismiss the amended information (Pen. Code, § 995), and also made a de novo motion to suppress evidence (Pen. Code, § 1538.5, subd. (i)) found in the briefcase. A hearing on the motion to dismiss was set for June 18, 1971, and a hearing on the suppression motion was scheduled for June 25, 1971.

On June 7, 1971, Nerell filed a petition for writ of mandate. On June 17, 1971, we issued an alternative writ to determine the propriety of the superior court's order permitting the evidence in the briefcase to be introduced by the prosecution at trial.

■ Review of the superior court order by way of extraordinary writ is proper. The prosecution may seek extraordinary relief where its motion to relitigate the validity of the search and seizure is denied. (See *People v. Vega,* 12 Cal.App.3d 970, 972 [91 Cal.Rptr. 167]; *People v. Superior Court,* 3 Cal.App.3d 476, 484 [83 Cal.Rptr. 771]; see *Anderson v. Superior Court,* 9 Cal.App.3d 851, 855 [88 Cal.Rptr. 617]; Pen. Code, § 1538.5, subd. (j).) While no express language is contained in section 1538.5, subdivision (j) of the Penal Code authorizing the defendant to seek extraordinary relief following the granting of the People's motion to admit evidence, the fact that the prosecution may seek such relief if its motion is denied supports the implication the accused also enjoys the same remedy. (See *People v. Superior Court,* 16 Cal.App.3d 811, 814 [94 Cal.Rptr. 342].) Either party has the right to seek appellate review of a

criminal order suppressing evidence or denying a motion to suppress evidence, providing relief is sought within the 30-day statutory period. (See *People* v. *Superior Court, supra,* 16 Cal.App.3d 811, 814.)

The prosecution's contention that defendant "reserved pretrial motions" and thus will attempt to bring motions to dismiss and suppress under section 1538.5, subdivision (i) after our mandamus review is concluded cannot be sustained. One opportunity for appellate review is afforded. It would violate the policy of the statute and all settled rules relating to the law of the case to allow a party, having once had a full appellate review, to secure a second review of his case merely by renewing his motion to suppress in the trial forum. If either party seeks review by way of the writ procedure, a determination of the appellate court *on the merits* is thereafter binding at all future stages. (See *People* v. *Werber,* 19 Cal.App.3d 598, 602 [97 Cal.Rptr. 150].)

The purpose of section 1538.5 of the Penal Code is to determine, in advance of trial if possible, the legal and factual issues governing the admissibility of evidence gained as a result of a search. There are two alternative modes of review of an order made under section 1538.5; if the order is favorable to the accused, the prosecution may seek a writ of mandate in the appellate court; if the order is favorable to the prosecution, the accused may seek prohibition or mandate, or he may go to trial or plead guilty and seek a review of the order on appeal from a judgment of conviction. (See *People* v. *Vega, supra,* 12 Cal.App.3d 970, 972.)

Under the statute, a defendant is entitled to make only one pretrial motion to suppress evidence in the superior court and if it is denied his only pretrial remedy is to seek a writ of mandate or prohibition from the appellate court within the statutory period. (*People* v. *Superior Court,* 10 Cal.App.3d 477, 481 [89 Cal.Rptr. 223]; *People* v. *Krivda,* 5 Cal.3d 357, 361-362 [96 Cal.Rptr. 62, 486 P.2d 1262].) Had the Legislature intended to allow the parties to renew the motion or to allow the court to reconsider its order, it would have said so. (*People* v. *Superior Court, supra,* 10 Cal.App.3d 477, 480.)

While the prosecution contends that Nerell's action in seeking an extraordinary writ may be premature and that he should have proceeded to a hearing on his motion to suppress scheduled for June 25, 1971, such hearing would, in effect, be a rehearing inasmuch as it is evident from the record on review that Nerell's motion to suppress would be based on the same evidence that was before the superior court at the time the People's motion was heard and decided. Having filed his petition for writ of mandate within the time required by section 1538.5, subdivision (i), we

hold that the matter is properly before us and should be resolved on its merits.

The evidence adduced at the combined preliminary hearing and motion to suppress hearing consisted of the testimony of Officer Robert Archey of the Huntington Beach Police Department.

About 4:30 p.m. on January 22, 1971, Officer Archey and Officer Kircher went to 421 Lake Street, Huntington Beach, for the purpose of serving a misdemeanor arrest warrant on Julie Schuler. Petitioner, Nerell, responded to the knock on the door. The officers stated their purpose and Nerell informed them that Miss Schuler had moved to Puerto Rico. During the brief conversation, the officers noticed a plastic bag of marijuana sticking out of the pocket of Nerell's T-shirt. He was immediately placed under arrest for possession of marijuana.

During the course of the foregoing events, Officer Archey also had the codefendant Larson under observation. Larson was seated in the living room about 15 feet from the door. Suddenly, Larson stood up and appeared to push something under the chair. He then headed for the bedroom and, as he retreated, he inquired, "What's going on?" Archey yelled, "Police officers," and entered the residence in pursuit, as he feared Larson was going to destroy evidence or possibly get a weapon. Larson went into the bedroom, remained there momentarily, and returned to the living room. Larson was also placed under arrest for possession of marijuana.

Officer Kircher had Nerell in custody in the front of the residence. Officer Archey took Larson to the living room-front porch area and returned to the bedroom "to determine whether there was any more subjects in the bedroom." Resting on top of a table in the bedroom was a hashish pipe, burnt marijuana debris, an open shoe box with marijuana debris, and a briefcase. The officer also detected a faint odor of marijuana in the room. After making these observations, he was recalled to the living room-porch area by Officer Kircher. The two officers briefly discussed Archey's observations in the bedroom between themselves in the presence of the codefendant Larson. Larson, no questions of him having been asked, blurted out, "All right, you've got me. It is in the case." Officer Archey, not believing or not comprehending what he had heard, said, "Huh?" and Larson repeated his statement and added ". . . It doesn't matter now."

Officer Archey returned to the bedroom and opened the briefcase. It contained five packages of amphetamine pills (45-55 in each package) and more marijuana. This is the contraband which Nerell contends was illegally seized.

The superior court judge, in ruling the contraband to be admissible on the prosecution's motion under section 1538.5, subdivision (j) of the Penal Code, indicated that Larson's words amounted to an invitation or consent to search the briefcase.

In attacking the validity of the search and seizure of the contraband in the briefcase, petitioner takes the position that the codefendant's statement did not constitute a consent to search.

To be considered voluntary and effective, a consent to search must be unequivocal, specific and intelligently given. (*People* v. *Cruz,* 264 Cal.App.2d 437, 442 [70 Cal.Rptr. 249]; see *People* v. *Superior Court,* 10 Cal.App.3d 122, 127 [89 Cal.Rptr. 316].) Where consent is obtained as a result of coercion or trickery, it is invalid. (*United States* v. *Thompson,* 356 F.2d 216; *United States* v. *Como,* 340 F.2d 891.) While a consent to search is not to be lightly inferred (*United States* v. *Viale,* 312 F.2d 595), there is authority that when *admissions* are made by the accused, together with a consent, the consent is voluntary. (See *People* v. *Davis,* 48 Cal.2d 241, 249 [309 P.2d 1].) The degree of affirmative assistance given to the police by the suspect is often relevant in determining whether a valid consent was given. (See *United States* v. *Smith,* 308 F.2d 657; *People* v. *Batista,* 257 Cal.App.2d 413, 416-417 [64 Cal.Rptr. 718]; *People* v. *Williams,* 196 Cal.App.2d 845, 853 [16 Cal.Rptr. 842].) Specific words of consent are not necessary; actions alone (giving the officer a key to the apartment in response to his request to search) may be sufficient to establish that the defendant freely consented. (*People* v. *Guyette,* 231 Cal.App.2d 460, 464 [41 Cal.Rptr. 875].)

*People* v. *Smith,* 210 Cal.App.2d 252 [26 Cal.Rptr. 620], involved words of consent similar to those in the case under review; an officer arrested defendant for theft; they approached an automobile defendant said he owned; the officer asked to see the registration slip for the car; defendant replied, "It should be in the glove compartment," but made no move toward the car; the officer looked into the glove compartment and found evidence of a crime; the court held that substantial evidence supported the trial judge's determination that the search was made with consent. "The fact that defendant was then in custody does not make his consent to the officer's examining the contents of the glove compartment involuntary per se." (*Ibid.,* p. 257.)

By analogy, Larson's invitation to search herein provides stronger evidence of consent than was present in *Smith* because Larson volunteered the information about the briefcase, whereas the defendant in *Smith* was responding to a question from the arresting officer.

While Larson's statement cannot be equated with an unequivocal, express consent to search the briefcase, the language he used was inculpatory and implied that there was contraband therein and that he had no objection to the officers seizing the contents of the case. This is not a situation involving coercion or trickery. One officer was merely telling another officer what he had observed in the bedroom. Larson's spontaneous implied admission to the effect that the briefcase contained contraband was sufficient to constitute an invitation to the officers to examine the contents.

■ The determination of the consent issue was for the fact-finder (see *People* v. *Smith, supra,* 210 Cal.App.2d 252, 256), and the superior court was entitled to reweigh the evidence de novo although presented in transcript form. (See *People* v. *Superior Court,* 9 Cal.App.3d 203, 209 [88 Cal.Rptr. 21].) Its finding of consent will not be disturbed inasmuch as there is substantial evidence to uphold it. (*People* v. *Superior Court,* 264 Cal.App.2d 165, 166 [70 Cal.Rptr. 362].)

The alternative writ is discharged; the peremptory writ is denied.

Gabbert, J., and Kaufman, J., concurred.

A petition for a rehearing was denied November 3, 1971, and petitioner's application for a hearing by the Supreme Court was denied December 9, 1971.