[Crim. No. 15916. In Bank. Jan. 20, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
JENARO SOTO MEDINA, Defendant and Appellant.

## COUNSEL

Howard E. Beckler for Defendant and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick and Dennis A. Fischer, Deputy Public Defenders, as Amici Curiae on behalf of Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and John R. Evans, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**WRIGHT, C. J.**—An information charged defendant with unlawfully possessing heroin for sale. (Health & Saf. Code, § 11500.5.) At a special pretrial hearing he moved to suppress evidence on the ground that it was obtained by an unreasonable search without a warrant. (Pen. Code, § 1538.5.) The superior court denied his motion. He then filed a timely, formally sufficient petition for a writ of prohibition to review the superior court's ruling. The Court of Appeal summarily denied the petition by minute order without opinion and defendant's petition for hearing was denied by this court.

At defendant's ensuing trial the parties waived a jury and the superior

court found him guilty of the charged offense. On this appeal from the judgment of conviction defendant again urges that the search was unreasonable. The Court of Appeal held that the denial without opinion of defendant's petition for a writ of prohibition was res judicata on that issue.

■ We granted a hearing to resolve the conflict between that decision and *People* v. *Werber* (1971) 19 Cal.App.3d 598, 602 [97 Cal.Rptr. 150] which holds that the denial without opinion of a defendant's pretrial petition for a writ under section 1538.5 is not a conclusive determination of the validity of the challenged search or seizure precluding further review of that issue on appeal from an ensuing judgment of conviction. We have concluded that the *Werber* holding is correct. Reviewing the merits of the issue, however, we have determined that the search was a reasonable incident of defendant's lawful arrest and affirm the judgment of conviction.

Section 1538.5 provides that the defendant may seek pretrial appellate court review of the superior court's order denying his motion to suppress evidence by petitioning for a writ of mandate or prohibition[1] and that he "may seek further review of the validity of a search or seizure on appeal from a conviction."[2] The Assembly Interim Committee Report on Search and Seizure which was before the Legislature in 1967 when it enacted the statute[3] and the history of the Senate bill which eventually became section

---

[1]"(i) . . . After the special hearing is held in the superior court, any review thereafter desired by the defendant prior to trial shall be by means of [a petition for] an extraordinary writ of mandate or prohibition filed within 30 days after the denial of his motion at the special hearing."

The bracketed phrase "[a petition for]" was omitted from the statute by obvious inadvertence. (Cf. the provision of subdivision (o) that "Within 30 days after a defendant's motion is granted at a special hearing in the superior court, the people may file a petition for writ of mandate or prohibition, seeking appellate review of the ruling regarding the search or seizure motion.")

[2]"(m) The proceedings provided for in the section [and other enumerated Penal Code sections not pertinent here] . . . shall constitute the sole and exclusive remedies *prior to conviction* to test the unreasonableness of a search or seizure where the person making the motion for . . . suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him. *A defendant may seek further review of the validity of a search or seizure on appeal from a conviction* in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. . . ." (Italics added.)

[3]The report included three proposed drafts of section 1538.5. The section as enacted differs from each of these proposals but includes provisions adapted from each of them.

Like the version of section 1538.5 which was enacted, each of the three proposals provided for pretrial appellate court review of an order denying defendant's motion to suppress evidence in a felony case "by means of an extraordinary writ of mandate or prohibition" (a remedy which the Assembly committee described as "a preliminary appeal") and each expressly recognized that further review might be had on appeal from a judgment of conviction.

The committee's report pointed out that, whatever version of the proposed legislation might be enacted, the legislators should consider "the question of whether a

1538.5[4] also evidence the legislative intent that the merits of search and seizure challenges raised by a defendant's unsuccessful petition for a pretrial writ may remain open for further review on appeal from an ensuing judgment of conviction.

In accord with the holding of *People* v. *Werber, supra,* 19 Cal.App.3d 598, 602, which gives effect to the plain statutory language that "defendant may seek further review . . . on appeal," are dicta of the California courts (*People* v. *Krivda* (1971) 5 Cal.3d 357, 362 [96 Cal.Rptr. 62, 486 P.2d 1262]; *People* v. *Dubose* (1971) 17 Cal.App.3d 43, 47 [94 Cal. Rptr. 376]; *People* v. *Superior Court (Green)* (1970) 10 Cal.App.3d 477, 481 [89 Cal.Rptr. 223]; *Thompson* v. *Superior Court* (1968) 262 Cal. App.2d 98, 106 [68 Cal.Rptr. 530]), the holding of *Forsythe* v. *State of California* (C.D. Cal. 1969) 307 F.Supp. 67, 68, and the précis of section 1538.5 in Witkin, Cal. Evidence (2d ed. 1969 Supp.) p. 17). We disapprove any implication in *Nerell* v. *Superior Court* (1971) 20 Cal. App.3d 593, 597 [97 Cal.Rptr. 702]; *People* v. *Malich* (1971) 15 Cal. App.3d 253, 265, footnote 4 [93 Cal.Rptr. 87]; and *People* v. *Vega* (1970) 12 Cal.App.3d 970, 972 [91 Cal.Rptr. 167], that section 1538.5 evidences a legislative intent that a defendant who applies for pretrial writ review of a denial of his motion to suppress evidence alleged to be wrongfully obtained forgoes his right to "seek further review of the validity of a search or seizure on appeal from a conviction."

■ Important incidents of the right to appeal from a superior court's judgment are the right to present oral argument in the appellate court (see Pen. Code, § 1254; Cal. Rules of Court, rules 22, 30) and the right to a written opinion pursuant to the state constitutional requirement that "Decisions of the Supreme Court and courts of appeal that determine

---

defendant should be bound by an adverse ruling on a preliminary appeal. . . . [A] second appeal [from a judgment of conviction] would enable the appellate court to consider the search and seizure issue in the context of the entire case and ensure the defendant of maximum protection for his constitutional rights." (22 Assem. Interim Com. Report No. 12 (1965-1967) p. 21, 2 Assem. J. Appendix (1967) Reg. Sess.); see also Comment, *Challenging Searches and Seizures* (1966) 54 Cal.L.Rev. 1070, 1091.)

[4]The first several versions of Senate Bill 88, which was enacted as section 1538.5 after a series of amendments, provided that any pretrial review of the superior court's denial of a defendant's motion to suppress "shall be by means of an extraordinary writ of mandate or prohibition" and that "further review can be had only on an appeal from a conviction in the criminal case."

An interim amendment added the provision that "Such review on appeal may be obtained by the defendant . . . even if he entered a plea of guilty. . . ."

Finally the provision as to further review on appeal was amended to the form found in the statute as enacted; i.e., subdivision (m) quoted in footnote 2, *supra.*

causes shall be in writing with reasons stated." (Cal. Const., art. VI, § 14.)[5] Prior to the enactment of section 1538.5 every defendant who made proper objection, during trial, to the admission of evidence on the ground that it was the product of an unreasonable search or seizure was assured of the opportunity to have the merits of his objection argued before the appellate court and decided by written opinion on an appeal from a judgment of conviction. ■ Nothing in the language or history of section 1538.5 suggests that the Legislature contemplated that its enactment of new procedures for the presentation of search and seizure challenges in the superior court and review of the denial of those challenges in the appellate court could be construed to deny the defendant an opportunity for appellate argument and decision by written opinion of his Fourth Amendment contentions.

■ It is settled law that an appellate court's action denying without opinion a petition for a writ of mandate or prohibition is not the determination of a "cause" requiring oral argument and a written opinion. Rather, such minute order denials are made in chambers in the absence of the parties. Only when the appellate court issues an alternative writ or order to show cause does the matter become a "cause" which is placed on the court's calendar for argument and which must be decided "in writing with reasons stated." (*Funeral Dir. Assn.* v. *Bd. of Funeral Dirs.* (1943) 22 Cal.2d 104, 106 [136 P.2d 785].) If we were to accept the view that such a minute order denial of defendant's petition for a pretrial writ under section 1538.5 is a conclusive adjudication which precludes review of the merits of the search and seizure contention on appeal from a subsequent judgment of conviction, the appellate courts could in part evade the state constitutional requirement of written opinions. Moreover, the provision of section 1538.5 for pretrial writ review would become useless for no well-advised defendant would invoke that provision at the risk of losing the right to be heard at oral argument and to have the merits of his constitutional contention decided by a written opinion.

Nevertheless the People urge that the sole possible ground of the appellate court's denial of defendant's petition for prohibition was on the merits and that the determination against him is therefore conclusive under

[5]The requirement of written opinions has been in existence as to this court since the adoption of the state Constitution of 1879 (former art. VI, § 2) and as to the Courts of Appeal since their creation in 1904 (former art. VI, § 24). Although the requirement has been the subject of much criticism repeated proposals to limit or abolish it have been rejected. (See Strauss, *Written Opinions* (1964) 39 State Bar J. 127; Gibson, *Judicial Article of California Constitution* (1956) 29 So.Cal.L.Rev. 389, 395; Radin, *The Requirement of Written Opinions* (1930) 18 Cal.L.Rev. 486.)

the doctrine of res judicata[6] or must be adhered to under the doctrine of the law of the case.[7] We recognize that the denial of defendant's petition for the writ could not have rested on any merely procedural defect. The petition met the requirements of the California Rules of Court (rule 56), it was timely filed (see Pen. Code, § 1538.5, subd. (i); *Gomes* v. *Superior Court* (1969) 272 Cal.App.2d 702, 704 [77 Cal.Rptr. 539]), and it was accompanied by the requisite transcript of the proceedings at the special hearing. (See Pen. Code, § 1539; *Thompson* v. *Superior Court, supra,* 262 Cal.App.2d 98, 106.)

However, we cannot accept the People's contention that the sole possible ground for denying defendant's petition for the writ was a determination against him on the merits. ▇ We have continued to recognize that the writs of mandate and prohibition are "extraordinary" and "prerogative" and that therefore their use for pretrial review may and in some circumstances should be confined to questions of first impression and general importance. (See *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal. 3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854].) Petitions for writs under section 1538.5 may come within this principle of discretionary denial.

When the record of the pretrial hearing indicates that the defendant unsuccessfully moved to suppress several items of evidence, some of which appear to have been seized validly and others invalidly, an appellate court may deny the petition without opinion in anticipation that the People will not insist on using inadmissible evidence at trial. It may take the view that the use of relatively minor items of evidence will be harmless beyond a reasonable doubt, and it may consider that the picture of the entire case developed at trial will enable it to make a better informed appraisal of the harmless error problem on appeal from a judgment of conviction. Such appraisal on appeal may result in a determination favorable to the defendant

---

[6]The denial without opinion of a petition for a writ of mandate or prohibition is not res judicata except when the sole possible ground of denial was on the merits or it affirmatively appears that the denial was intended to be on the merits. (*People* v. *Pipes* (1960) 179 Cal.App.2d 547, 552 [3 Cal.Rptr. 814]; *Hagan* v. *Superior Court* (1962) 57 Cal.2d 767, 770 [22 Cal.Rptr. 206, 371 P.2d 982]; *People* v. *Clark* (1971) 17 Cal.App.3d 890, 894, fn. 1 [95 Cal.Rptr. 411].)

[7]Normally the doctrine of the law of the case requires adherence to an appellate court's statement *in its opinion on appeal* of a rule of law necessary to its decision. (*Tally* v. *Ganahl* (1907) 151 Cal. 418, 421 [90 P. 1049].) The doctrine has been extended to opinions of an appellate court in original proceedings which are equivalent to an intermediate appeal. (*Guardianship of Walters* (1947) 81 Cal.App.2d 684, 685 [184 P.2d 684]; *People* v. *Vega, supra,* 12 Cal.App.3d 970, 972.) The doctrine has also been applied to a minute order denial of a motion to dismiss an appeal when the sole question presented by the motion was the appealability of the judgment. (*Pigeon Point Ranch, Inc.* v. *Perot* (1963) 59 Cal.2d 227, 231 [28 Cal.Rptr. 865, 379 P.2d 321].)

even though on denial of the pretrial writ petition the appellate court was tentatively of the opinion that admission of apparently minor items of evidence would be harmless.

In light of the various considerations which may impel appellate justices to vote to deny a defendant's petition for a pretrial writ under section 1538.5 without opinion, we believe that giving such a minute order conclusive effect on an appeal from a subsequent judgment of conviction would amount to improper conjecture and surmise as to the theoretically possible mental processes of the justices. (Cf. Note (1945) 18 So.Cal.L. Rev. 287, 289.)

■ The foregoing considerations do not apply to invocation of the doctrine of the law of the case on an appeal from a judgment of conviction after an appellate court has denied a defendant's application for pretrial writ review under section 1538.5 by a written opinion which decides the merits of a search and seizure contention. (See *People* v. *Werber, supra,* 19 Cal.App.3d 598, 602; *People* v. *Vega, supra,* 12 Cal.App.3d 970.) The opinion denying the petition for the writ is in effect an opinion on a prior appeal, for the Legislature has chosen to provide for interim appellate review by an extraordinary writ of mandate or prohibition in lieu of appeal.[8] ■ In determining whether the law of the case will control the decision on the subsequent appeal, however, the appellate court should keep in mind that "the doctrine of the law of the case, which is merely a rule of procedure and does not go to the power of the court, has been recognized as being harsh, and it will not be adhered to where its application will result in an unjust decision." (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 179 [18 Cal.Rptr. 369, 367 P.2d 865].)

■ In view of the express language of section 1538.5, application of the doctrine of res judicata to give conclusive effect on appeal from a judgment of conviction to an appellate court's earlier decision denying defendant's application for a pretrial writ would be inappropriate even when the denial of the writ is by an opinion demonstrating adjudication of the merits. The statute permits the defendant to seek further review of the validity of the challenged search on appeal from a judgment of conviction, a concept totally at variance with application of the doctrine of res judicata.

---

[8]California courts long ago recognized the use of the extraordinary writs of mandate and prohibition to afford nonstatutory appellate review of interim orders of trial courts in cases not yet disposed of by an appealable judgment. Illustrations of this use of prohibition in criminal cases are found in Witkin, California Criminal Procedure (1963) section 778.

In addition to Penal Code section 1538.5 statutory examples of such use of the writs include Penal Code section 999a and Code of Civil Procedure sections 400 and 418.10. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 84, 85, 187, 209.)

■ ■ Since we conclude that the appellate court's denial without opinion of defendant's petition for a pretrial writ cannot properly be deemed a conclusive decision on the merits, and that defendant is entitled to an appellate court's determination of his search and seizure contention "in writing with reasons stated" (Cal. Const., art. VI, § 14), we must now decide the merits of that contention.

On May 26, 1969, Police Sergeant Wanek was advised by other officers with whom he was engaged in a narcotics investigation that they had information that defendant was selling quarter-ounce packages of heroin at 1439 Pico Street, his mother's residence, and that a narcotics suspect in a black Buick might be on his way to that address. About 1 p.m. Sergeant Wanek parked his police car near the residence. He saw Steven Khoury arrive in a black Buick. Wanek left his police car and hid beside a house at the rear of the lot where the mother's residence was located. There was no fence or other barrier between the two houses, and a fence on the side of the lot was only two or three feet high. Wanek saw Khoury meet defendant and hand him what appeared to be rolled currency. Khoury then walked out of Wanek's view. Defendant walked to a cement slab at the back entrance to his mother's house, lifted a rock from the slab, removed a plastic bag containing balloons of various colors, took out one orange balloon, replaced the bag under the rock, and walked to the front of the house and out of the officer's view. Wanek, who had special training and experience as to narcotics trafficking, believed that the balloons contained heroin.

Wanek returned to his police car, saw Khoury leave in the black Buick, and informed fellow officers by radio of the transaction he had observed. He drove about two miles to an address which he believed was Khoury's destination. Other officers there had just arrested Khoury, who had an orange balloon in his hand when he was apprehended. (At the hearing on the motion to suppress the parties stipulated that there was probable cause for Khoury's arrest and that the orange balloon contained heroin.)

Wanek, with other officers, returned to 1439 Pico. They arrived there about 20 minutes after Wanek had observed defendant's transaction with Khoury. Defendant and another man were sitting on the front lawn. The officers placed them under arrest. Sergeant Wanek at once went to the cement slab, which was about 20 feet from the place where the other officers had defendant in custody. Within 15 to 30 seconds the sergeant found the rock which concealed defendant's cache. He removed the plastic bag from beneath the rock. In the bag were eight balloons of various colors. (At trial it was stipulated that the balloons contained heroin.)

Sergeant Wanek's personal observations prior to his seizure of the eight

balloons constituted reasonable cause to believe that defendant committed the offense of possessing heroin for sale in the sergeant's presence. Therefore, defendant properly refrains from questioning the legality of his arrest without warrant. (See Pen. Code, § 836: A peace officer may arrest without warrant "1. Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence.") Defendant contends, however, that the search for and seizure of the eight balloons without a warrant were unreasonable. Because the challenged search and seizure were made before the decision of *Chimel* v. *California* (June 23, 1969) 395 U.S. 752, 763 [23 L.Ed.2d 685, 694, 89 S.Ct. 2034], defendant recognizes that *Chimel's* limitation of the scope of a search which can be justified as incidental to a lawful arrest[9] does not apply here. (*Williams* v. *United States* (1971) 401 U.S. 646, 651 [28 L.Ed.2d 388, 394, 91 S.Ct. 1148]; *People* v. *Edwards* (1969) 71 Cal.2d 1096, 1108 [80 Cal.Rptr. 633, 458 P.2d 713].) ▮ Under pre-*Chimel* decisional law "a search is not 'incidental to an arrest' unless it is limited to premises where the arrest is made; is contemporaneous therewith; has a definite object; and is reasonable in scope." (*People* v. *Cruz* (1964) 61 Cal.2d 861, 866 [40 Cal.Rptr. 841, 395 P.2d 889]; cf. *United States* v. *Rabinowitz* (1950) 339 U.S. 56 [94 L.Ed. 653, 70 S.Ct. 430], overruled by *Chimel.*)

▮ The search which defendant challenges met the requirements of *Cruz*. It was contemporaneous with the arrest. It took place on the premises where defendant was arrested and was reasonable in scope as it was conducted only 20 feet from the place of arrest at a location over which the officer had observed defendant exercising control 20 minutes before. It was not exploratory but was directed to a definite object, the seizure of the balloons which Wanek had seen defendant conceal at that location and which Wanek had reasonable cause to believe contained heroin.

Defendant relies on the rule that the mere existence of probable cause to believe that a search will disclose contraband does not justify a search without a warrant. (See *Chapman* v. *United States* (1961) 365 U.S. 610, 613 [5 L.Ed.2d 828, 831, 81 S.Ct. 776].) He further contends that the officer's search without a warrant of a place of concealment in a yard adjacent to a private house was an unreasonable governmental intrusion into an area as to which defendant had exhibited a reasonable expectation of privacy, and therefore violated the test of lawfulness developed in *People*

---

[9]*Chimel* limits the permissible scope of a search without a warrant incident to a lawful arrest to "the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." (395 U.S. at p. 763 [23 L.Ed.2d at p. 694].)

v. *Edwards, supra,* 71 Cal.2d 1096, 1104; *People* v. *Bradley* (1969) 1 Cal.3d 80, 84 [81 Cal.Rptr. 457, 460 P.2d 129]; and *People* v. *Krivda, supra,* 5 Cal.3d 357, 364. The cited cases, however, concern the validity of searches without warrants which could not be justified as incidental to a lawful arrest. Here, as we have explained, the search of defendant's cache was incident to his lawful arrest within the applicable tests set forth in *Cruz.*

The judgment is affirmed.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.