[Crim. No. 6469. Fourth Dist., Div. Two. Oct. 18, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
AUGUSTINE RAMIREZ SAUCEDO, Defendant and Appellant.

## COUNSEL

Milton C. Dawson, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Alan S. Meth and Harley D. Mayfield, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Defendant pleaded guilty to possession of heroin for sale in violation of Health and Safety Code section 11500.5 and was sentenced to state prison for the term prescribed by law.

Challenging the validity of a search and seizure, defendant contends the search warrant in the instant case was invalid because undated and that the affidavit in support of the search warrant was insufficient.

These identical issues were previously submitted to this court for resolution in *People* v. *Superior Court (Saucedo)* (4 Civ. 13243) and resolved on the merits against defendant's position. While a summary denial of an application for pretrial writ review does not operate as the law of the case (*People* v. *Peterson,* 9 Cal.3d 717, 720, fn. 3 [108 Cal. Rptr. 835, 511 P.2d 1187]; *People* v. *Medina,* 6 Cal.3d 484, 492 [99 Cal.Rptr. 630, 492 P.2d 686]; *People* v. *Conley,* 21 Cal.App.3d 894, 898 [98 Cal.Rptr. 869]; *People* v. *Werber,* 19 Cal.App.3d 598, 602 [97 Cal. Rptr. 150]), a written opinion of the court demonstrating full consideration of the issue on its merits does invoke the doctrine of the law of the case. (*People* v. *Medina, supra; People* v. *Conley, supra; People* v. *Werber, supra.*) However, the doctrine of res judicata does not attach to give conclusive effect upon appeal and consequently application of the law of the case doctrine is to be declined by the appellate court " 'where its application will result in an unjust decision.' " (*People* v. *Medina, supra.*)

In the instant case this court, by written opinion stating its reasons, on the merits, fully considered the identical issues in *People* v. *Superior Court (Saucedo) supra* (4 Civ. 13243). In that opinion we considered the applicable authorities in detail and there has been no substantive change in the law since the filing of that opinion (Oct. 11, 1973) which could operate to effect a different result. That opinion has long since become final. Hearing was denied by the Supreme Court. Defendant was represented by counsel and an extensive return was filed by him. In addition we had before us the entire record of the Penal Code section 1538.5 proceedings.

Under these circumstances we find that application of the doctrine of the law of the case will *not* result in an unjust decision. We, therefore, apply that doctrine and affirm the judgment. No other issues have been presented.

Judgment affirmed.