673 F.2d 1110
 3 Employee Benefits Ca 1341
 John L. CONNOLLY, C. V. Holder, Howard C. Dennis, John C.
Maxwell, James J. Kirst, C. William Burke, Kenneth J.
Bourguignon, Joseph H. Seymour, Richard L. Corbit, Harold
Edwards, Donald E. Nier, William C. Waggoner, Richard Gannon
and Alfred Harrison, each in his respective capacity as
Trustee of the Operating Engineers Pension Trust,
Plaintiffs-Appellants,
v.
PENSION BENEFIT GUARANTY CORPORATION, a non-profit
corporation established within the Department of
Labor of the United States of America,
Defendant-Appellee.
 No. 81-5361.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 5, 1982.
Decided April 9, 1982.
 
 Wayne Jett, Jett, Clifford & Laquer, Los Angeles, Cal., for plaintiffs-appellants.
 James N. Dulcan, Asst. Gen. Counsel, Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before WRIGHT, ALARCON and REINHARDT, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 Members of the Board of Trustees (Trustees) of the Operating Engineer's Pension Trust (Trust), filed a complaint in the district court on June 17, 1975, seeking declaratory judgment, damages, and injunctive relief against defendant, Pension Benefit Guaranty Corporation (PBGC). Trustees sought to resolve whether their pension plan was a "defined contribution plan" intended by the Employment Retirement Income Security Act (ERISA) to be outside the purview of PBGC or a "defined benefit plan" governed by PBGC 29 U.S.C. §§ 1002(34)-(35), 1321(b)(1). If the pension plan was determined to be a defined benefit plan, Trustees alleged certain retroactive liabilities and pension plan termination insurance provisions of ERISA were in violation of the due process and taking clauses of the fifth amendment and acted as an impairment of contract.
 
 
 2
 The district court held the pension plan to be a defined contribution plan and enjoined PBGC from acting in any manner inconsistent with that interpretation. Connolly v. PBGC, 419 F.Supp. 737, 741-42 (C.D.Cal.1976). PBGC was also required to return the $12,043.00 termination insurance premium paid by Trustees. Id. at 742.
 
 
 3
 This court reversed the district court, holding Trustees' pension plan to be a defined benefit plan, and remanded the case for consideration of the constitutional questions posed by Trustees. Connolly v. PBGC, 581 F.2d 729, 734-35 (9th Cir. 1978), cert. denied, 440 U.S. 935, 99 S.Ct. 1278, 59 L.Ed.2d 492 (1979).
 
 
 4
 Trustees made application in the district court for an order convening a three-judge court. On September 13, 1979, the district court refused to issue the order on the basis that Trustees raised no substantial constitutional questions. Trustees' motion to reconsider the ruling was denied.
 
 
 5
 On November 2, 1979, Trustees filed a petition for writ of mandamus in this court to compel the convening of a three-judge court. We summarily denied that petition. Connolly v. Williams, No. 79-7580 (9th Cir. Jan. 14, 1980). Trustees' motion in the Supreme Court for leave to file a petition for writ of mandamus was similarly denied. Connolly v. United States District Court, 445 U.S. 959, 100 S.Ct. 1667, 64 L.Ed.2d 250 (1980).
 
 
 6
 After holding PBGC's motion for summary judgment under submission during the mandamus proceedings, the district court granted summary judgment in favor of PBGC on March 26, 1981 on the ground that Trustees' claims presented no substantial constitutional questions. Trustees appealed to this court. We reverse.
 
 
 7
 The issues before this court are: (1) did the summary denial by this court of a petition for writ of mandamus to compel the convening of a three-judge court foreclose further appellate review of the merits of the claim; (2) did the constitutional challenge to the required payment of pension plan termination insurance premiums raised by Trustees, become moot; and (3) did the district court err in ruling that Trustees' claim raises no substantial constitutional questions.
 
 I. FACTS
 
 8
 The Operating Engineers Pension Trust is a joint labor-management trust created in 1960. The trust agreement created the pension plan (Plan) administered by Trustees. The purpose of the Trust is to create a pension fund to which a number of employers make contributions, and from which their employees may draw benefits when they reach a stated age of retirement. The plan is a defined benefit plan subject to regulation by ERISA. Connolly, 581 F.2d at 734-35.
 
 
 9
 The employers periodically enter into collective bargaining agreements to establish the amount of their contribution to the Plan. The amount contributed by each employer is determined by multiplying their employees' hours of service by a rate specified in the current agreement. According to Trustees, hourly rates have ranged from $.05 per hour in 1960 to $1.50 per hour at the time the complaint was filed in 1975. The trust agreement clearly states that the employers' obligation for pension benefits is ended when the amount agreed to in collective bargaining is paid, even if the contributions are insufficient to pay the benefits under the Plan.
 
 
 10
 ERISA established PBGC and provided that PBGC would guarantee the payment of certain pension benefits to participants of defined benefit plans such as the Plan here. 29 U.S.C. §§ 1302, 1322. An employer subject to ERISA could in certain instances be liable to PBGC for the guaranteed benefits up to an amount not exceeding 30 percent of the net worth of that employer. 29 U.S.C. § 1362 (amended 1980). Collection of annual insurance premiums was also authorized. 29 U.S.C. § 1306 (amended 1980). ERISA thereby imposed new and in some cases retroactive liabilities upon employers contributing to such plans. Connolly, 581 F.2d at 732.
 
 II. SUMMARY DENIAL OF A WRIT OF MANDAMUS
 
 11
 PBGC maintains that this court should not review Trustees' previously unsuccessful efforts to convene a three-judge court. PBGC premises this argument on the assumption that this court's denial of an interlocutory petition for writ of mandamus, without opinion, establishes the law of the case and therefore further review of the matters raised in the petition for a writ by way of an appeal from a final judgment is foreclosed. In the Ninth Circuit "(w)hen a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court. Firth v. United States, 554 F.2d 990, 993 (9th Cir. 1977); see also, Corex Corp. v. United States, 638 F.2d 119, 122 (9th Cir. 1981). In the case sub judice, the appellate court's order stated simply that "(u)pon due consideration, the petition for writ of mandamus is denied." (Excerpt of Record at 290). We disagree with PBGC that this perfunctory disposition expressly or impliedly reached the merits of the petition for mandamus and established the law of the case. PBGC's argument misperceives the extraordinary nature of the writ of mandamus. Ordinarily legal issues are resolved through appellate review after judgment has become final in the trial court.
 
 
 12
 Our research has failed to disclose any opinion of a federal court that precisely addresses PBGC's contention that summary denial of a writ of mandamus disposes of the merits of the petition. We suspect that this dearth of authority is due to the fact that no other litigant has previously made so bold a claim. The California Supreme Court however, has spoken on this issue. We are persuaded by the well reasoned opinion in People v. Medina, 6 Cal.3d 484, 492 P.2d 686, 99 Cal.Rptr. 630 (1972). In Medina, defendant's pretrial application for an extraordinary writ to review the denial of his motion to suppress evidence was summarily denied. See id. at 487, 492 P.2d at 687, 99 Cal.Rptr. at 631. The government argued that this ruling established the law of the case precluding further review of the issue on appeal from a judgment of conviction. Id. at 490-91, 492 P.2d at 690, 99 Cal.Rptr. at 634. The California Supreme Court rejected this contention. The court held instead that a denial without opinion of a pretrial petition for a writ does not constitute a determination on the merits. Id. at 493, 492 P.2d at 691, 99 Cal.Rptr. at 635. The court recognized that any one of a number of reasons might impel appellate justices to deny a petition for a pretrial writ without opinion. "(G)iving such a minute order conclusive effect on an appeal from a subsequent judgment of conviction would amount to improper conjecture and surmise as to the theoretically possible mental processes of the justices." Id.
 
 
 13
 In Bauman v. United States District Court, 557 F.2d 650 (9th Cir. 1977), this court identified five specific guidelines which should be considered in determining whether to issue a writ of mandamus. These guidelines are:
 
 
 14
 (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires.... (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal.... (3) The district court's order is clearly erroneous as a matter of law.... (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.... (5) The district court's order raises new and important problems, or issues of law of first impression.
 
 
 15
 Id. at 654-55 (citations omitted).
 
 
 16
 The panel of this court that reviewed the petition for mandamus in this matter gave no clue as to the reasons for its action. Any of the criteria set forth in Bauman might have motivated the court to deny Trustee's petition. We decline to speculate. We hold instead that a summary denial of a petition for a writ of mandate does not establish the law of the case.
 
 III. MOOTNESS
 
 17
 PBGC argues that Trustees' constitutional challenges to ERISA have become moot. A case is moot if it has "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." Hall v. Beals, 396 U.S. 45, 48, 90 S.Ct. 200, 201, 24 L.Ed.2d 214 (1969) (per curiam). See also, Friends of the Earth, Inc. v. Bergland, 576 F.2d 1377, 1378 (9th Cir. 1978) (where activities sought to be enjoined had already occurred, the action was moot). In the case at bar, no events have occurred which foreclose controversy regarding Trustees' attacks on ERISA. Trustees challenge the constitutionality of retroactive liability provisions provided for by ERISA as well as the constitutionality of the requirement that Trustees pay pension plan termination insurance premiums. PBGC conceded in their written briefs that Trustees' due process challenge to the requirement to pay premiums is not moot. Their brief states: "(Trustees have) been assessed for termination insurance premiums under provisions of 29 U.S.C. §§ 1306 and 1307. Accordingly, a due process challenge to the requirement to pay premiums is not moot." PBGC's Brief at 11-12 (footnote omitted). At oral argument, PBGC reiterated that although ERISA had been substantially amended in 1980, the requirement that insurance premiums must be paid was not altered. Trustees' challenge to this provision of ERISA generates a "present live controversy." We need not reach the question whether the 1980 amendments render Trustees' challenge to the retroactive liability provisions of ERISA moot.
 
 IV. SUBSTANTIAL CONSTITUTIONAL QUESTIONS
 
 18
 PBGC and Trustees agree that substantial questions of constitutionality require the convening of a three-judge court. 28 U.S.C. §§ 2282, 2284.[1] The dispute we must resolve is whether Trustees' challenges are constitutionally insubstantial. "A claim is insubstantial (for the purposes of convening a three judge court) only if ' "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." ' " Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 858, 35 L.Ed.2d 36 (1973) (quoting Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933) (quoting Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 77 L.Ed. 1062 (1933))); see also, Lopez v. Butz, 535 F.2d 1170, 1171 (9th Cir. 1976). That claims are of doubtful merit does not render them insubstantial for the purposes of convening a three-judge court. Goosby, 409 U.S. at 518, 93 S.Ct. at 858. PBGC contends that the constitutional claims raised by Trustees challenging the requirement to pay insurance premiums have been rendered insubstantial by five prior determinations of the Supreme Court.
 
 
 19
 We disagree. None of the cases relied upon by PBGC involves a constitutional challenge to ERISA. Nachman Corp. v. PBGC, 446 U.S. 359, 100 S.Ct. 1723, 64 L.Ed.2d 354 (1980) resolved only the question of whether ERISA had been "properly construed to impose continuing liability on an employer that had lawfully terminated its plan prior to the effective date of the minimum vesting standards contained in Title I of ERISA." Id. at 368, 100 S.Ct. at 1729. The court expressly refused to reach any constitutional challenges. Id. In United States v. Rock Royal Co-operative, Inc., 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446 (1939), the constitutional issues addressed by the court pertained to the Agricultural Marketing Agreement Act of 1937 which regulated the handling of milk in the New York metropolitan area. Id. at 539-40, 59 S.Ct. at 997. Helvering v. Davis, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307 (1937) and Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937), decided the same day, dealt with the constitutionality of portions of the Social Security Act of August 14, 1935. Helvering, 301 U.S. at 638-39, 57 S.Ct. at 907-08; Steward, 301 U.S. at 573, 578, 57 S.Ct. at 883, 886. Finally, the statute under constitutional attack in Noble State Bank v. Haskell, 219 U.S. 104, 31 S.Ct. 186, 55 L.Ed. 112 (1911), was a state statute. Id. at 109, 31 S.Ct. at 187. None of these cases forecloses the subject of the constitutionality of mandatory pension plan termination insurance premium payments by employers, or the constitutionality of retroactively imposed liability for inadequately funded or terminated private pension plans. Trustees have satisfied the Goosby standard of constitutional substantiality for the purpose of convening a three-judge court.
 
 
 20
 REVERSED and REMANDED with directions to the district court to convene a three-judge court.
 
 
 
 [1]
 Act of June 25, 1948, ch. 646, 62 Stat. 968 (repealed 1976) (28 U.S.C. § 2282) provides that "(a)n interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 (delineating, inter alia, procedures for convening a three-judge court) of this title." It was repealed in 1976; however, the repeal was made inapplicable to actions commenced on or before Aug. 12, 1976. Act of Aug. 12, 1976, Pub.L.No.94-381, §§ 7, 90 Stat. 1119 (1976), and does not therefore apply to the instant case which was originally filed on June 17, 1975