[Civ. No. 5689.   Fourth Dist.   Apr. 20, 1959.]

CLIVE H. CLARK, Appellant, v. MAURICE HENDERSON
et al., Respondents.

Charles E. Ogle for Appellant.

Maddox, Abercrombie, Kloster & Jacobus for Respondents.

MUSSELL, J.—This is an action for damages for personal injuries sustained by plaintiff when he fell from a horse owned by the defendants. The accident occurred on March 18, 1956, and the complaint was filed on June 20, 1957. It is alleged in the complaint, among other things, that a confidential relationship existed between plaintiff and defendants; that after plaintiff's injury the defendants admitted liability therefor and represented to plaintiff and his wife that defendants were abundantly insured and ''that their insurance protected the defendants from claims arising from injuries of the type and nature suffered by plaintiff, and that the defendants would see that the plaintiff was adequately recompensed for both his general and special damages caused by plaintiff's injury''; that defendants assured plaintiff on five different dates that ''an adequate settlement would be forthcoming''; that because of the confidential relationship of the parties and because of plaintiff's mental condition, plaintiff relied upon the defendants' promise of a settlement until immediately before the institution of this suit, and for that reason did not commence this suit within one year from the date of plaintiff's injury. That the purpose of the defendants' assurances of a settlement made to plaintiff and to plaintiff's wife was to lull the plaintiff into a false sense of security so as to cause the plaintiff to postpone the commencement of this action until after one year after the date of plaintiff's injury. Defendants in their answer denied generally the allegations of the complaint, alleged contributory negligence, unavoidable accident, assumption of risk and the statute of limitations. A jury was selected to try the cause but upon motion of plaintiff's counsel it was excused and the issue of estoppel and the defense of the statute of limitations was tried before the court.

Plaintiff within a few days after falling from the horse owned by the defendants was examined by a physician who took X-rays and reported that plaintiff had a fracture of the third vertebra, chronic cervical sprain, and that his tendons and nerves were probably bruised from the fall. Plaintiff testified that for the first few days after the accident he did not think much about it because he ''figured'' that it was mostly soreness and that he would get over it; that for approximately three weeks he did nothing and then worked with his men building a house; that he continued his activities up until September and shortly thereafter began to deteriorate both mentally and physically.

In May, 1956, Mr. McCullough, an insurance adjuster for the State Farm Mutual Insurance Company, defendants' insurance carrier, visited plaintiff and his wife and explained the medical coverage and public liability provisions of the policy issued to defendants. He told plaintiff and his wife that the insurance company would pay up to $500 on the medical bills of plaintiff incurred within one year following the accident; that the insurance company, on behalf of the Hendersons, was denying liability for the accident and would not pay anything but the medical bills. He prepared a statement relating to the accident, which plaintiff read and signed. In December, 1956, following a letter from plaintiff to the insurance company, Mr. Celse, a claims representative of the company, talked on the telephone to Mrs. Clark. She demanded consideration for lost wages and other damages and Celse told her that the insurance company had always denied liability and continued to deny liability for the accident; that the company would pay the medical bills up to $500 but no more, and that if they were not satisfied with this they should obtain counsel.

Plaintiff's wife and defendant Josephine Henderson are sisters and plaintiff testified that the relationship between the two families was very close. There is testimony in the record that plaintiff and his wife lived in Arroyo Grande and the defendants in Porterville and that they visited every two or three months; that following the accident they did not visit and get together as before and within the year following the accident they visited two or three times.

Plaintiff testified that in October, 1956, there was a conversation at the Hendersons relating to the accident at which several people were present, including defendant Josephine Henderson; that in this conversation the accident to plaintiff was discussed and that Mrs. Henderson "made a statement to the effect that this is the reason that they carried insurance and she certainly would see that something was done about it"; that in March, 1957, he had another conversation with Mrs. Henderson in which "she assured me again that they were adequately insured and she felt due to the fact that the situation had deteriorated to the extent that it was, certainly something should be done and she would see that something was done." In this connection Mrs. Henderson testified that she made a statement to plaintiff at one time that she knew that everything would be taken care of because they carried a large amount of insurance

and that she promised to see the insurance agent to see that something was done; that in January, 1957, she was present at a discussion between her husband and plaintiff in which her husband stated that if Mr. Clark didn't like the way things were going he could sue him (Henderson) as far as he was concerned.

Defendant Maurice Henderson testified that he did not at any time during the year following the accident tell the Clarks or either of them that they would be taken care of; that in January, 1957, he told the Clarks "that they might just as well get an attorney and go ahead because it didn't seem like there was going to be anything done at the time"; that he did not tell the Clarks or either of them that his insurance would take care of everything regardless of legal fault.

The record shows that plaintiff was a general contractor and carried several insurance policies; that he knew the difference between medical pay provisions and liability provisions of an insurance policy; that he had a personal accident policy upon which he made claims and collected for the accident here involved during the year following it and knew about statutes of limitation. The record further shows that the insurance company never promised to pay anything except the medical bills and denied liability for the accident; that plaintiff was never at any time unconcious following the accident; that he returned to work in a supervisory capacity approximately six weeks after the accident and his net earnings in 1956 were slightly less than in 1955. The record further shows that plaintiff was examined by a psychiatrist on March 6 and March 13, 1957; that the psychiatrist stated that on March 6 plaintiff was in such a state as to evidence a disinclination concerning his business affairs and that he was apathetic and phlegmatic.

The trial court found that during the year following the accident plaintiff had not emotionally deteriorated or suffered a complete mental breakdown causing him to have an inordinate inability to motivate and rendering him especially susceptible to any alleged promise made by defendants or either of them; that it is not true that defendants or either of them made any promise or representations to plaintiff which induced him to refrain from filing a complaint within the year following the accident; that it was not true that the defendants induced plaintiff to refrain from filing a complaint within said year. The court concluded

that the action was barred by the provisions of section 340, subdivision 3, of the Code of Civil Procedure and that defendants are not estopped from relying on the said statute as a bar to the action. These findings and conclusions are supported by substantial evidence and cannot be here disturbed.

■ Whether an estoppel exists—whether the acts, representations, or conduct lulled a party into a sense of security preventing him from instituting proceedings before the running of the statute and whether the party relied thereon to his prejudice—is a question of fact, not of law. (*Industrial Indem. Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 684, 690 [252 P.2d 649].) While there is some conflict in the evidence, the weight and sufficiency of the evidence, the construction to be put upon it and the inferences to be drawn therefrom are matters for the trier of the facts. (*Dillard* v. *McKnight*, 34 Cal.2d 209, 223 [209 P.2d 387, 11 A.L.R.2d 835].)

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.