[Civ. No. 34081.   Second Dist., Div. Five.   May 9, 1969.]

CARLOS ROBERT GOMES, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Ivan E. Lawrence for Petitioner.

Evelle J. Younger, District Attorney, Harry Wood and Maurice H. Oppenheim, Deputy District Attorneys, for Real Party in Interest.

John D. Maharg, County Counsel, and Jean Louise Webster, Deputy County Counsel, as Amici Curiae.

KAUS, P. J.—On June 20, 1968, petitioner's automobile was impounded by the police. It contained a suitcase. Pursuant to departmental policy the suitcase was taken to the police station. Officer Shoales looked inside the suitcase "to ascertain any identification to book the property to an individual." He found numerous pictures and "personal identification; and on further search, further checking the suitcase" he found an unsealed white envelope which contained marijuana.[1] Petitioner was arrested when he came to the police station to claim his automobile.

Eventually an information was filed in the respondent court accusing petitioner of a violation of section 11530 of the Health and Safety Code. On November 26, 1968, petitioner moved to suppress the marijuana charge under the provisions of section 1538.5 of the Penal Code.[2] Officer Shoales testified. The motion was orally denied that day. The smooth minutes for that day's proceedings were, however, not entered until December 9, 1968.

On December 27, 1968, petitioner filed his petition for a writ of mandate or prohibition with this court. Because we thought that the legality of the seizure of the marijuana presented an important legal point, we issued an alternative writ. At the same time we notified counsel that there was a question whether the petition had been filed within the 30-day time limit provided by section 1538.5, subdivision (i).

The last sentence of section 1538.5, subdivision (i) reads as follows: ". . . After the special hearing is held in the superior court, any review thereafter desired by the defendant prior to trial shall be by means of an extraordinary writ of mandate or prohibition filed within 30 days after the denial of his motion *at the special hearing*."[3] (Italics added.) Since December 26, 1968, was not a holiday (Code Civ. Proc.,

---

[1] At petitioner's preliminary hearing the officer testified that the white envelope was in a small white box, about the size of a shoe box, which was in the suitcase.

[2] Unless otherwise indicated, all code references are to the Penal Code.

[3] This sentence contains an obvious draftsman's error. A correlative section, 1538.5, subdivision (o), gives the People 30 days to file *a petition for* writ of mandate or prohibition. Obviously the Legislature did not intend, in section 1538.5, subdivision (i), to require of the defendant that he actually "file" a writ within 30 days. We therefore read the sentence in question to require the filing of a petition for a writ within the 30-day time limitation.

704

§ 12a), the petition was filed one day late unless such late filing may be excused or the time did not start to run until the court's order was entered in the smooth minutes.

■ We have no doubt that a timely filing of the petition is jurisdictional. The same reasons which moved us to hold that a petition for a writ of prohibition under section 999a of the Penal Code must be filed within the time limit provided for in that section, apply to section 1538.5. (*Guerin* v. *Superior Court,* 269 Cal.App.2d 80 [75 Cal.Rptr. 923].) We cannot, therefore, excuse a late filing in the absence of any showing that the People are estopped in some fashion. (Cf. *Slawinski* v. *Mocettini,* 63 Cal.2d 70, 72-73 [45 Cal.Rptr. 15, 403 P.2d 143]; *People* v. *Martin,* 60 Cal.2d 615, 617-619 [35 Cal.Rptr. 769, 387 P.2d 585]; *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868].)[4]

■ We have come to the conclusion that the time for the filing of the petition started to run when the court orally denied it. It is, of course, true that many civil cases have held that orders are ineffective until filed with the clerk and entered in the minutes. (*Jablon* v. *Henneberger,* 33 Cal.2d 773, 775 [205 P.2d 1]; *Brownell* v. *Superior Court,* 157 Cal. 703 [109 P. 91].) Whether or not this rule is based upon a general principle or specific statutory language,[5] we are satisfied that it has no application here. There are at least two statutory and several practical reasons for this view.

Although most, if not all, orders made under section 1538.5 will be entered in the court's minutes, there is no statutory requirement for that practice. The Penal Code sets forth over a dozen matters which must be noted in the minutes, but a ruling on a 1538.5 motion is not one of them.[6] Further, the

---

[4]Counsel for petitioner has filed his own declaration to the effect that for several days before December 26, 1968, and on that day he was sick with influenza and out of his office. He has also furnished us with a declaration of his bookkeeper, who typed the petition because his secretary was either sick or looking after her sick baby, and who says that she telephoned this court and talked to a clerk, whose name she cannot remember, and who *"left [her] with the impression* that as long as [she] mailed the brief on the last day that it would be properly received by the clerk's office and filed and this would be satisfactory." (Italics added.) These facts, even if true, could not extend a jurisdictional time limit.

[5]Such as section 1003 of the Code of Civil Procedure which defines an order as a ". . . direction of a court or judge, made or entered in writing . . ." or section 1221 of the Probate Code which reads: "All orders and decrees of the court or judge must be entered at length in the minute book of the court, or else signed by the judge and filed . . ."

[6]Neither is there any requirement that a ruling on a motion to set aside an indictment or information under section 995 be entered in the minutes.

very statutory language of 1538.5, subdivision (i)—"30 days after the denial of his motion at the special hearing"—indicates that the time starts to run when the oral pronouncement of denial is made.

The district attorney points to numerous practical difficulties which would result from a contrary holding. We notice them only briefly:

1. Section 1538.5, subdivision (*l*) provides as follows: "The trial of a criminal case shall be stayed to a specified date pending the termination in the appellate courts of the State of California of the proceedings provided for in this section, Section 1238, or Section 1466 and except upon stipulation of the parties, pending the time for the initiation of such proceedings. . . ." If the time starts to run when, on some future date, the smooth minutes are entered, the court would have no idea for how long it should stay the trial.[7]

2. If the denial is not effective until the smooth minutes are entered, a granting of the defendant's motion to suppress could not take effect at any earlier time. This would cause manifest problems under section 1538.5, subdivision (o), when read together with section 1538.5, subdivision (*l*). Theoretically, at least, it might not be possible to determine, between the time of the oral grant of the defendant's motion and the time of the entry in the smooth minutes, whether or not "the trial of a criminal case is set for a date which is less than 30 days from the granting of a defendant's motion at a special hearing." (§ 1538.5, subd. (o).)

3. If a defendant's motion under section 1538.5 is granted and the case is then dismissed under section 1385, the defendant's release, to which he is entitled under section 1538.5, subdivision (k), might be held up until the smooth minutes are prepared. As the district attorney points out: "In effect the clerk would have sentenced the defendant to jail 'for the term prescribed by the delay inherent in completing the smooth minute entry.' "

██ Defendant also claims that his time to file the petition in this court was extended one day by the provisions of section 1013 of the Code of Civil Procedure relating to service by mail. In *People* v. *Slobodion,* 30 Cal.2d 362, 367 [181 P.2d

---

[7]In the case at bar it would not have had such knowledge until some time after the petition was filed in this court. The county counsel was most helpful in determining the actual date of the entry of the smooth minutes, which, in this case, were entered on December 9, 1968, but with a wrong case number. The correction was not made until January 28, 1969.

868], it was held that section 1013 of the Code of Civil Procedure has no application to a notice of appeal. No reason appears for a different rule with respect to the filing of a petition for a writ. (See also *People* v. *Martiz,* 130 Cal.App.2d 602, 604 [279 P.2d 568].)[8]

Cases such as *Industrial Indem. Co.* v. *Industrial Acc. Com.,* 57 Cal.2d 123, 126 [17 Cal.Rptr. 821, 367 P.2d 413]; *Pesce* v. *Department of Alcoholic Beverage Control,* 51 Cal.2d 310 [333 P.2d 15]; and *California Mut. Water etc. Assn.* v. *Public Utilities Com.,* 45 Cal.2d 152, 156-158 [287 P.2d 748], involved the interpretation of special statutes and are not applicable to this case. Neither of course are such cases as *Laubisch* v. *Roberdo,* 43 Cal.2d 702 [277 P.2d 9], which dealt with the application of section 12a of the Code of Civil Procedure before the passage of the 1951 amendment thereto, which amendment abolished the addition of holidays appointed by the President or by the Governor to any applicable time period.

Counsel for petitioner also adverts to the fact that the reporter's transcript for the section 1538.5 hearing bears the date of December 5, 1968, on its title page. This is an obvious clerical error. Both the smooth and the rough minutes prove— and indeed it is so alleged in the petition—that the hearing was had and the ruling was made on November 26. As a matter of fact the transcript covers both a morning and an afternoon session. The afternoon session, which consisted of argument only and at which there was extensive reference to the testimony previously given, is correctly designated as having taken place on November 26.

It is unfortunate that we cannot reach the merits of petitioner's claim. They appear substantial. On the other hand he may actually benefit from this decision. The district attorney concedes that petitioner's claim of an illegal search and seizure can be renewed at the trial.[9] The question will be whether after finding adequate identification of the owner of the suitcase, the officer could continue his ''search'' for the purpose of inventorying its contents. Assuming that the officer will

[8]A dictum in *People* v. *Martiz, supra,* not applicable to the facts of the case at bar, was disapproved in *In re Gonsalves,* 48 Cal.2d 638, 646 [311 P.2d 483].

[9]There appears to be a substantial question whether subdivisions (h) and (m) of section 1538.5 indicate that the district attorney concedes too much and he has reserved the right to argue otherwise on other occasions. We therefore interpret the concession as a stipulation that he will not object to a relitigation of the legality of the seizure at the trial.

testify at the trial as he did at the preliminary hearing, namely that the white envelope was in a box,[10] rather than just in the suitcase, petitioner obviously has a much stronger claim that the inventory was unnecessarily thorough. On the other hand, if we entertain the petition on the merits, we would be confined to the record made at the 1538.5 hearing, at which no evidence from the preliminary hearing was considered.

Peremptory writ denied; alternative writ heretofore issued discharged.

Stephens, J., and Aiso, J., concurred.

_____

[10]This was the testimony at the preliminary hearing: "Q. Did you find anything unusual in that inventory? A. Yes, sir. In the suitcase—in an unlocked suitcase in a small white box about the size of a shoe box there was a white envelope and it had a substance in it which resembled marijuana. Q. Was there anything inside that suitcase indicating who the owner of the suitcase was? A. Yes. There was numerous articles of identification and pictures which belonged to the defendant."