122 Cal.App.3d 791 (1981)
176 Cal. Rptr. 214
GERALD KUPKA, Plaintiff and Appellant,
v.
BOARD OF ADMINISTRATION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Defendant and Respondent.
Docket No. 23711.
Court of Appeals of California, Fourth District, Division Two.
August 5, 1981.
*793 COUNSEL
Samuel J. Wells for Plaintiff and Appellant.
George Deukmejian, Attorney General, and Melvin R. Segal, Deputy Attorney General, for Defendant and Respondent.
OPINION
THE COURT.
Gerald A. Kupka, formerly an officer of the California Highway Patrol, filed a petition for writ of mandate (Code Civ. Proc., § 1094.5) to review a decision of the Public Employees' Retirement System (PERS) denying his application for a disability pension. Realizing that the petition was filed beyond the applicable statute of limitations, plaintiff did not wait for PERS to invoke the bar of limitations but instead took the initiative by moving for relief under Code of Civil Procedure section 473. The trial court denied the motion and judgment was entered accordingly, from which plaintiff has appealed.[1]
In support of the motion, plaintiff offered declarations by himself and by his attorney. Briefly summarized, these declarations reveal that plaintiff sought new counsel after PERS denied his pension application. He obtained an appointment with Attorney Wells at which the possibility of pursuing the matter by writ of mandate was discussed. Plaintiff was informed that Wells would require a retainer of $1,000 and the cost of preparing a record would be an additional $700. Attorney Wells told plaintiff the chances of success in the writ proceeding depended on the standard of review, and he would have to do some research to ascertain what standard of review would apply. Both plaintiff and Attorney Wells knew exactly when the time for filing the writ of mandate would expire. Plaintiff left the meeting thinking he had retained Wells, but Wells left the meeting thinking that plaintiff had made no definite commitment. Wells phoned plaintiff a few days later and informed him the "weight of the evidence" standard would apply and therefore chances of success in the writ proceeding were good. When the deadline for filing the writ approached and Wells had not received any money from plaintiff, *794 Wells assumed plaintiff had decided not to pursue the matter. Plaintiff assumed that Wells would file the writ petition on his behalf. The misunderstanding was discovered after the filing deadline expired when plaintiff sent the $1,000 retainer to Wells.
On this appeal, plaintiff contends (1) relief from late filing of a writ petition is available under Code of Civil Procedure section 473, and (2) the decision of the court below denying relief was an abuse of discretion.
Where judicial review of an administrative decision made under the Administrative Procedure Act (Gov. Code, § 11370 et seq.) is sought by writ of mandate, the petition must be filed "within 30 days after the last day on which reconsideration can be ordered." (Gov. Code, § 11523.) In the present case, it is undisputed that this 30-day limit applies, that it expired November 19, 1979, and that the petition was thereafter filed on February 19, 1980.
(1) Plaintiff concedes, as he must, that the 30-day limit is a statute of limitations. (Ginns v. Savage (1964) 61 Cal.2d 520, 524 [39 Cal. Rptr. 377, 393 P.2d 689].) Like any other cause of action, a proceeding for writ of mandate is barred if not commenced within the applicable limitation period. (Barlow v. City Council of Inglewood (1948) 32 Cal.2d 688, 697 [197 P.2d 721]; Valvo v. University of Southern California (1977) 67 Cal. App.3d 887, 894 [136 Cal. Rptr. 865]; Gomes v. Superior Court (1969) 272 Cal. App.2d 702, 704 [77 Cal. Rptr. 539].)
(2a) Plaintiff contends the bar of limitations may be avoided by an order under Code of Civil Procedure section 473 granting relief on the ground of mistake, inadvertence, or excusable neglect. Apparently no one has advanced this argument before, for we find no cases directly in point.
Accepting plaintiff's argument and permitting relief on grounds of mistake or excusable neglect would work a profound change in our system of procedure and would run counter to the reasoning of our courts in many related areas. We have therefore concluded that plaintiff's contention is without merit.
Statutes of limitation "`are, of necessity, adamant rather than flexible in nature,'" and are "`upheld and enforced regardless of personal hardship.'" (Chas. L. Harney, Inc. v. State of California (1963) 217 Cal. *795 App.2d 77, 91 [15 Cal. Rptr. 870]. See also, Lobrovich v. Georgison (1956) 144 Cal. App.2d 567, 575 [301 P.2d 460].) When the Legislature has decided to introduce an element of flexibility in a particular instance, it has expressly provided for extension of the limitation period on a showing of good cause, and courts have interpreted the "good cause" standard as equivalent to a showing under section 473. (See Amaro v. Unemployment Ins. Appeals Bd. (1977) 65 Cal. App.3d 715, 718-722 [135 Cal. Rptr. 493].) In the absence of such a specific provision for extension, it must be inferred the Legislature did not intend to permit relief on grounds of good cause or under section 473. (See Gomes v. Superior Court, supra, 272 Cal. App.2d 702, 704.)
Section 473, which provides for relief from defaults and default judgments, and from "a judgment, order, or other proceeding ... taken ... through mistake, inadvertence, surprise, or excusable neglect," is not universal in its application. For example, it cannot excuse a late motion for a new trial. (Kisling v. Otani (1962) 201 Cal. App.2d 62, 71 [19 Cal. Rptr. 913].)
Section 473 also applies to amendment of pleadings. Under it a court may, for good cause shown, permit a plaintiff to amend a complaint after the statute of limitations has run, but only if "recovery is sought in both pleadings on the same general set of facts." (Smeltzley v. Nicholson Mfg. Co. (1977) 18 Cal.3d 932, 934 [136 Cal. Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].) Also, a complaint may be amended after the statute has run to correct a misdescription of a party but not to add an entirely new party. (See Mayberry v. Coca Cola Bottling Co. (1966) 244 Cal. App.2d 350, 352 [53 Cal. Rptr. 317].) These limitations on the power of the court to permit amendment of a complaint after the statute of limitations has run, even on a showing of good cause, indicate that a showing of mistake or excusable neglect is not by itself sufficient to overcome the bar of limitations.
Similarly, failure to discover a cause of action, where discovery is not necessary to accrual of the cause of action, does not excuse an untimely filing unless the defendant has fraudulently concealed the cause of action from the plaintiff. (Neff v. New York Life Ins. Co. (1947) 30 Cal.2d 165, 171 [180 P.2d 900, 171 A.L.R. 563]; Pena v. City of Los Angeles (1970) 8 Cal. App.3d 257, 266-267 [87 Cal. Rptr. 326].) A defendant will not be permitted to invoke the bar of limitations if the defendant's conduct caused the plaintiff to delay filing the action, but the plaintiff's innocent mistake, not caused by the defendant, has never *796 been permitted to excuse late filing. (See Tubbs v. Southern Cal. Rapid Transit Dist. (1967) 67 Cal.2d 671, 678-679 [63 Cal. Rptr. 377, 433 P.2d 169]; Cal. Cigarette Concessions v. City of L.A. (1960) 53 Cal.2d 865, 869-870 [3 Cal. Rptr. 675, 350 P.2d 715]; Pena v. City of Los Angeles, supra, 8 Cal. App.3d 257, 263-266; Gomes v. Superior Court, supra, 272 Cal. App.2d 702, 704; Kunstman v. Mirizzi (1965) 234 Cal. App.2d 753, 755-758 [44 Cal. Rptr. 707]; Clark v. Henderson (1959) 169 Cal. App.2d 731, 734-735 [337 P.2d 834].)
Plaintiff relies primarily on two cases decided under Code of Civil Procedure section 418.10, subdivision (c), providing that upon denial of a motion to quash service of summons or to stay or dismiss the action on the ground of inconvenient forum, "the defendant, within 10 days after service upon him of a written notice of entry of an order of the court denying his motion, or within such further time not exceeding 20 days as the trial court may for good cause allow, and before pleading, may petition an appropriate reviewing court for a writ of mandate to require the trial court to enter its order quashing the service of summons or staying or dismissing the action."
In Cornell University Medical College v. Superior Court (1974) 38 Cal. App.3d 311 [113 Cal. Rptr. 291], the defendant prepared a petition for writ of mandate and on the 10th day after the order denying motion to quash service of summons gave it to a messenger with instructions to present it to the Court of Appeal for filing. Through inadvertence of the messenger the petition was not presented to the proper court until some days later and the court summarily denied it as untimely. The defendant then returned to the trial court and obtained an extension on a showing of good cause to a date within the extended 30-day period provided by section 418.10. The plaintiff maintained the trial court lacked jurisdiction to grant the extension because the application for extension was not made within the initial 10-day period. The Court of Appeal rejected this contention, holding that the extension could be requested and ordered after the 10-day period expired, so long as the petition was filed within the total period of 30 days.
In Quattrone v. Superior Court (1975) 44 Cal. App.3d 296 [118 Cal. Rptr. 548], the petition was filed with the Court of Appeal on the 11th day after denial of the defendant's motion to quash, but the Court of Appeal issued the alternative writ without noticing the defect. The Court of Appeal ruled that it could, after the fact, extend the time for filing the petition on a showing of good cause.
*797 We do not find these authorities helpful to plaintiff's argument. Code of Civil Procedure section 418.10 provides for an extension of the filing date on a showing of good cause. In both of the cited cases, the petitions were filed after the initial 10-day period but within the total 30-day period, and in both cases good cause for the delayed filing was shown. Thus in both cases the court did no more than interpret the express language of a provision allowing an extension for good cause. Government Code section 11523 contains no provision extending the filing period on a showing of good cause, and the very absence of such a provision must be taken to mean that no such extension may be granted.
Plaintiff argues in the alternative that Government Code section 11523 is unconstitutional if its rigid 30-day limit cannot be extended on a showing of mistake or excusable neglect. Plaintiff asserts that the right to judicial review of an administrative decision affecting a vested property right, such as a pension, is constitutionally protected and must be permitted absent proof of waiver. The appropriate definition of waiver for use here, according to plaintiff, is "the voluntary relinquishment of a known right." (See Isbell v. County of Sonoma (1978) 21 Cal.3d 61, 68 [145 Cal. Rptr. 368, 577 P.2d 188].) Plaintiff maintains that any relinquishment under the facts of the present case was inadvertent rather than voluntary and therefore there was no valid waiver.
The constitutional issue raised by plaintiff is procedural due process. (3) Statutes of limitation are consistent with due process where they allow the plaintiff or petitioner a reasonable time to bring the action. (Ocean Shore R.R. Co. v. City of Santa Cruz (1961) 198 Cal. App.2d 267, 273 [3 Cal. Rptr. 706]; Rombotis v. Fink (1948) 89 Cal. App.2d 378, 386, 391 [201 P.2d 588]; Day v. Metropolitan Life Ins. Co. (1936) 11 Cal. App.2d 681, 684 [54 P.2d 502].) Plaintiff has not argued that 30 days was an unreasonably short period within which to file the petition, and in fact his evidence indicates the petition would have been filed within that time had there not been the unfortunate misunderstanding between plaintiff and his attorney. This misunderstanding was not caused by PERS, the court, or any government agency, and plaintiff was at all times aware of the necessity of filing the petition within the 30-day period. Even in the context of a trial of a criminal charge, the defendant may lose constitutionally protected procedural rights by inadvertent failure to assert them in a timely manner. (See People v. Windham (1977) 19 Cal.3d 121, 127-128 [137 Cal. Rptr. 8, 560 P.2d 1187]; In re La Croix (1974) 12 Cal.3d 146, 153 [115 Cal. Rptr. 344, *798 524 P.2d 816]; People v. Blake (1980) 105 Cal. App.3d 619, 623 [164 Cal. Rptr. 480]; People v. Morgan (1980) 101 Cal. App.3d 523, 527-529 [161 Cal. Rptr. 664].) (2b) Plaintiff has been afforded due process of law and application of the statute of limitations to bar the petition is not unconstitutional.
We conclude the court below did not err in denying plaintiff's motion under Code of Civil Procedure section 473.
The judgment is affirmed.
A petition for a rehearing was denied September 1, 1981, and appellant's petition for a hearing by the Supreme Court was denied October 2, 1981.
NOTES
[1] The judgment states that "petitioner's motion for leave to file a petition for writ of mandate is denied." As the petition was already on file, however, the effect of the judgment was to dismiss the petition, the same as if a demurrer had been sustained without leave to amend.