Filed 2/28/13  Alliance for Protection of Auburn Com Environment v. County of Placer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| ALLIANCE FOR THE PROTECTION OF THE AUBURN COMMUNITY ENVIRONMENT et al., | C067961 |
| Plaintiffs and Appellants, | (Super. Ct. No. SCV0028200) |
| v. | |
| COUNTY OF PLACER, | |
| Defendant and Respondent; | |
| BOHEMIA PROPERTIES, LLC, | |
| Real Party in Interest and Respondent. | |

Defendant County of Placer (County) certified an environmental impact report (EIR) prepared by real party in interest Bohemia Properties, LLC (Bohemia) for the development of a 155,000-square-foot building (the project).  Plaintiffs Alliance for the Protection of the Auburn Community Environment, Joseph H. Marman, and Lari L. Knedel (Alliance) filed a petition for a writ of mandate under the California

1

Environmental Quality Act (CEQA; Pub. Resources Code, § 21000 et seq.) challenging the project's approval and alleging CEQA violations. Bohemia filed a demurrer, which the County joined, arguing the petition was barred by the applicable statute of limitations. The court sustained the demurrer without leave to amend and denied Alliance's motion seeking relief on the grounds of mistake or excusable neglect. Alliance appeals, contending it is entitled to relief under Code of Civil Procedure section 473.[1] We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008 Bohemia submitted an application for the proposed development of the project. The County concluded the project required an EIR. A draft EIR was circulated, followed by a public comment period and eventually a final EIR.

The final EIR was circulated on June 16, 2010, and the County certified it on July 8, 2010. Alliance filed a written appeal of the certification on July 16, 2010. On September 28, 2010, the County held a public hearing on Alliance's appeal and again certified the final EIR. The notice of determination (NOD) was filed on September 29, 2010.

Based on the September 29, 2010, filing of the NOD, Alliance's petition challenging the EIR was due by October 29, 2010. However, Alliance filed its petition on November 1, 2010.

In its petition, Alliance argued the EIR did not comply with CEQA's requirements and the County based its approval on inadequate findings in violation of CEQA. According to Alliance, the EIR failed to analyze significant impacts posed by the project on air quality, traffic and circulation, and urban decay; failed to analyze cumulative impacts or mitigate impacts; and failed to consider a reasonable range of alternatives.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise designated.

2

Alliance contended the County violated CEQA by adopting findings not supported by substantial evidence.

Alliance submitted an ex parte application for relief on the grounds of mistake or excusable neglect, which was denied without prejudice on November 10, 2010. The court found the request premature since Bohemia had not yet challenged the filing of the petition as untimely.

In January 2011 Bohemia filed a demurrer to Alliance's petition, alleging it was not filed within the limitations period. Alliance filed a motion for relief under section 473 on January 19, 2011, and filed an opposition to the demurrer two weeks later.

The trial court concluded that Alliance's petition was barred by the mandatory provisions of Public Resources Code section 21167. Under section 21167, the 30-day statute of limitations within which to bring a challenge to the County's approval of Bohemia's EIR expired on October 29, 2010. As the court noted, Alliance conceded it filed its petition three days after the statute had run.

The trial court entered an order sustaining Bohemia's demurrer without leave to amend and denying Alliance's motion seeking relief on the grounds of mistake or excusable neglect. Following entry of judgment, Alliance filed a timely notice of appeal.

## DISCUSSION

## I.

The function of a demurrer is to test the sufficiency of the complaint by raising questions of law. We give the complaint a reasonable interpretation and read it as a whole with its parts considered in their context. A general demurrer admits the truth of all material factual allegations. We are not concerned with the plaintiff's ability to prove the allegations or with any possible difficulties in making such proof. We are not bound by the construction placed by the trial court on the pleadings; instead, we make our own independent judgment. (*Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 824.)

3

When the trial court sustains the demurrer without leave to amend, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. If we find that an amendment could cure the defect, we must find the court abused its discretion and reverse. If not, the court has not abused its discretion. The plaintiff bears the burden of proving an amendment would cure the defect. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.)

**II.**

Alliance argues the court erred in sustaining Bohemia's demurrer, since section 473 provides relief from its excusable mistake that resulted in the late filing of the CEQA petition. Section 473, subdivision (b) provides that a "court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect" provided that relief is sought within a reasonable time, not exceeding six months after the judgment, dismissal, order, or proceeding was taken.

The provisions of section 473 are to be liberally construed, and policy considerations favor the determination of actions on their merits. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 256.) Because the law strongly favors trial on the merits, we resolve any doubts as to the applicability of section 473 in favor of the party seeking relief. (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233.)

On appeal, Alliance asserts the late filing resulted from a "miscommunication from its attorney service as to the deadline for receipt of the Writ" at the superior court. Alliance's counsel submitted the filing to the attorney service prior to the service's deadline to ensure timely filing. However, the attorney service informed counsel it would not file until the following business day. Although Alliance's counsel requested the petition be filed that day, the attorney service arrived too late to file on October 29,

4

2010. Therefore, Alliance argues, section 473 applies and the court should have overruled Bohemia's demurrer and granted relief under section 473.

However, in order to succeed with this argument, Alliance must come to terms with the Supreme Court decision in *Maynard v. Brandon* (2005) 36 Cal.4th 364 (*Maynard*). In *Maynard,* the Supreme Court stated: "Nor does section 473, subdivision (b) generally apply to dismissals attributable to a party's failure to comply with the applicable limitations period in which to institute an action, whether by complaint [citations] or by writ petition [citation]." (*Maynard*, at p. 372.)

Alliance characterizes the Supreme Court's opinion in *Maynard* as "dicta" and "based on a faulty premise, that statutes of limitation are jurisdictional." Alliance also seeks to distinguish the authority upon which *Maynard* relies.

In *Maynard,* the Supreme Court held that section 473 relief was not available for a party who failed to meet the 30-day deadline for seeking a trial de novo following an arbitration under the Mandatory Fee Arbitration Act (MFAA; Bus. & Prof. Code, § 6200 et seq.). (*Maynard, supra,* 36 Cal.4th at p. 369.) *Maynard* noted section 473 provides relief from the consequences of many procedural errors committed during the course of a proceeding. Among those procedures are "the issuance of untimely demands for expert witness disclosures [citation], erroneous offers to compromise [citation], inadvertent dismissals [citation], failures to timely respond to requests for admissions . . . and the untimely filing of cost bills [citation], just to name a few." (*Maynard*, at p. 372.)

In contrast, *Maynard* noted: "Notwithstanding the broad construction afforded section 473, subdivision (b), the statute does not offer relief from mandatory deadlines deemed jurisdictional in nature. [Citations.] Thus section 473, subdivision (b) cannot extend the time in which a party must move for a new trial, since this time limit is considered jurisdictional. [Citations.] Nor does section 473, subdivision (b) generally apply to dismissals attributable to a party's failure to comply with the applicable limitations period in which to institute an action, whether by complaint [citations] or by

5

writ petition [citation]. [¶] Furthermore, except as authorized by statute, section 473, subdivision (b) may not excuse the untimely filing of a notice of appeal. [Citation.] 'The requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period. In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal, even to relieve against mistake, inadvertence, accident, or misfortune.' [Citation.]" (*Maynard, supra,* 36 Cal.4th at pp. 372-373.)

*Maynard* considered the provisions of the MFAA and determined that the terms, goals, and legislative history of the act led to the conclusion that section 473 could not relieve a party from the consequences of running afoul of the 30-day deadline for seeking a trial following an arbitration. (*Maynard, supra,* 36 Cal.4th at p. 369.) According to the court, "The conclusion that section 473, subdivision (b) relief is unavailable under these circumstances may impose a hardship on clients who do not timely seek a trial following fee arbitration. We do believe, however, that the Legislature has determined that, in the long run, clients benefit from an arbitration system that produces a binding result if the parties do not invoke the judicial process within a fixed period of time following issuance of an award." (*Maynard*, at p. 382.)

Alliance argues strenuously that *Maynard* found section 473 relief unattainable for missed statutes of limitation solely because such deadlines are jurisdictional and contends *Maynard* conflicts with prior precedent, which held statutes of limitation are not jurisdictional. However, in *Maynard,* the court found relief unavailable based on the mandatory nature of the statute of limitations, not simply because statutes of limitation are jurisdictional in nature. (*Maynard*, *supra*, 36 Cal.4th at pp. 372-373.)

In reaching this conclusion, *Maynard* relied on *Kupka v. Board of Administration* (1981) 122 Cal.App.3d 791 (*Kupka*). In *Kupka*, the court considered Government Code section 11523, which requires the filing of a petition for writ of mandate to review an

6

administrative decision within 30 days of the last day on which reconsideration can be ordered. The court noted the statute did not provide for an extension of the filing period on a showing of good cause and denied relief under section 473. The *Kupka* court determined that providing relief under section 473 "would work a profound change in our system of procedure." (*Kupka*, at p. 794.)

*Kupka* reasoned that statutes of limitation are, of necessity, adamant rather than flexible in nature. If the Legislature desires to allow some flexibility in a statute of limitations, it expressly provides for an extension of the limitations period on a showing of good cause. Such a showing of good cause is the equivalent to a showing under section 473. If the Legislature is silent about such a good cause extension, the court infers that the Legislature did not intend such an extension on the grounds of good cause or under section 473. (*Kupka, supra,* 122 Cal.App.3d at pp. 794-795.)

The court noted section 473 applies to an amendment of pleadings, but only if the recovery sought in both pleadings is on the same set of facts. A complaint may be amended after the statute has run to correct the misdescription of a party, but not to add a new party. In addition, a defendant cannot invoke the bar of limitation if the defendant's conduct caused the plaintiff to delay filing the action, but a plaintiff's innocent mistake, not caused by the defendant, will not excuse a late filing. (*Kupka*, *supra*, 122 Cal.App.3d at pp. 795-796.) The *Kupka* court concluded: "These limitations on the power of the court to permit amendment of a complaint after the statute of limitations has run, even on a showing of good cause, indicate that a showing of mistake or excusable neglect is not by itself sufficient to overcome the bar of limitations." (*Id*. at p. 795.)

### III.

Public Resources Code section 21167 sets forth the limitations periods for all actions alleging CEQA violations. However, section 21167 makes no provision for extending the limitations period on a showing of good cause.

7

While CEQA should be broadly interpreted to protect the environment, CEQA also aims to ensure extremely prompt resolution of lawsuits claiming noncompliance with the act. (*Friends of Mammoth v. Board of Supervisors* (1972) 8 Cal.3d 247, 259; *Stockton Citizens for Sensible Planning v. City of Stockton* (2010) 48 Cal.4th 481, 500.) "[W]hile these precepts [requiring a broad interpretation of CEQA] are validly applied to the substantive merits of challenges brought under CEQA, in which it is asserted that certain projects will or may have a significant effect on the environment, that does not mean that the same standard of liberality should necessarily be applied in interpreting the procedural requirements of the Act. The Act contains a number of provisions evidencing the clear 'legislative determination that the public interest is not served unless challenges under CEQA are filed promptly' [citation], and the same policy must certainly be said for similar provisions which require that a CEQA action, once filed, be diligently prosecuted and heard as soon as reasonably possible." (*Board of Supervisors v. Superior Court* (1994) 23 Cal.App.4th 830, 836.)

However, Alliance argues courts have provided relief from CEQA's short limitation periods. We find these cases distinguishable.

In *Citizens of Lake Murray Area Association v. City Council* (1982) 129 Cal.App.3d 436, a dispute arose as to when the statute of limitations began to run. The court found the statute ran from the date the county clerk posts the NOD, not from the agency's earlier submission of the NOD to the clerk. In construing Public Resources Code section 21152, the court noted the statute states the clerk "shall" post NODs for public display. The court reasoned that "shall" is statutorily defined as mandatory in its construction unless the context requires otherwise. (*Citizens of Lake Murray*, at pp. 440-441.) Here, in contrast, there is no dispute as to when the statute of limitations began to run.

The plaintiff in *Garrison v. Board of Directors* (1995) 36 Cal.App.4th 1670 requested leave to amend his petition after the statute of limitations period had run to add

8

an individual plaintiff, a member of the originally named unincorporated association that lacked the capacity to sue. The court found the relation-back doctrine applied, since the proposed change was of form and not substance. (*Id.* at p. 1678.) The relation-back doctrine does not apply in this case.

Finally, in *McCormick v. Board of Supervisors* (1988) 198 Cal.App.3d 352, the court considered what constituted a request for hearing under Public Resources Code section 21167.4. The court noted no appellate case had addressed the question of what constituted a "request for hearing" as required by section 21167.4. (*McCormick*, at pp. 357-358.) The law surrounding section 21167.4 was unsettled and local rules created an ambiguity about requesting a hearing. (*McCormick*, at pp. 360-361.) The court determined that the plaintiff's counsel had made an honest mistake of law in failing to satisfy section 21167.4. (*McCormick*, at p. 362.) Here, Alliance does not argue counsel made a mistake in interpreting an unclear statute, but instead argues the late filing was excusable.

In contrast, the court in *Nacimiento Regional Water Management Advisory Committee v. Monterey County Water Resources Agency* (2004) 122 Cal.App.4th 961, 968 found Code of Civil Procedure section 473 inapplicable. In *Nacimiento* the plaintiff failed to file a request for a hearing within 90 days of filing an action under Public Resources Code section 21167.4, subdivision (a). (*Nacimiento*, at pp. 964-965.) In finding section 473 inapplicable, the court noted CEQA's objective of prompt resolution of litigation. (*Nacimiento*, at pp. 965-966, 968-969.) The court acknowledged *McCormick*, noting discretionary relief under section 473, subdivision (b) for a section 21167.4, subdivision (a) dismissal caused by an excusable mistake was unquestionably available. However, the issue in *Nacimiento* was whether mandatory relief under section 473 caused by an inexcusable mistake was required. (*Nacimiento*, at p. 966.)

9

*Nacimiento* concluded: "Nearly every section 21167.4 dismissal for failing to request a hearing on alleged CEQA violations is caused by the mistake, inadvertence, or neglect of the plaintiff's attorney, and thus few dismissals would be final if mandatory relief under section 473 were applied to such dismissals. The CEQA dismissal statute would effectively be nullified, and the legislative intent that CEQA challenges be promptly resolved and diligently prosecuted would be defeated. [Citation.]" (*Nacimiento, supra,* 122 Cal.App.4th at p. 968.) Although Alliance strenuously argues *Nacimiento* is "clearly erroneous," we find no fault with the decision.

Alliance fails to cite any authority for the proposition that Code of Civil Procedure section 473 provides relief from a litigant's failure to file its petition within the 30-day limitations period under Public Resources Code section 21167. Our reading of the statute and relevant authority does not support Alliance's contention that such relief is available. Accordingly, the trial court did not err in sustaining Bohemia's demurrer without leave to amend.

## DISPOSITION

The judgment is affirmed. Bohemia and County shall recover costs on appeal.

                                                                   RAYE          , P. J.

We concur:

        ROBIE          , J.

        MAURO        , J.