Filed 11/6/19; Certified for Publication 12/4/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| EFRAIN GARCIA et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> GARY ROSENBERG, <br><br> Defendant and Respondent. | F076012 <br><br> (Super. Ct. No. 15CECG03847 ) <br><br><br> **OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Efrain Garcia and Ofelia Garcia, in pro. per., for Plaintiffs and Appellants.

Whitney, Thompson & Jeffcoach and Mandy Jeffcoach for Defendant and Respondent.

-ooOoo-

Plaintiffs filed a malicious prosecution action against defendant, the attorney for the opposing party in prior litigation.  Defendant filed a special motion to strike the action on the ground it was a strategic lawsuit against public participation.  Defendant asserted plaintiffs' claim arose out of defendant's protected petitioning activity, and plaintiffs could not demonstrate there was a reasonable probability they would succeed on the merits.  The trial court granted the motion, and plaintiffs appeal.  We conclude the evidence does not demonstrate a reasonable probability plaintiffs would prevail on the

merits of their claim, although we base that conclusion on a different ground than the trial court did. Accordingly, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2004, Allstate Insurance Company (Allstate) filed an action against plaintiffs Efrain and Ofelia Garcia (the Garcias), alleging it was subrogated to the rights of its insured, who was injured and/or whose car was damaged when a Ford Aerostar owned by the Garcias collided with the insured's vehicle. Allstate sought reimbursement of the amount it paid to its insured. That action was dismissed by Allstate in November 2011.

Subsequently, the Garcias sued Allstate for malicious prosecution in a federal district court action. After the Garcias presented their evidence at a bench trial and supplemental briefing was received, the federal district court granted a directed verdict in favor of Allstate. It found that favorable termination of the prior action was a required element of the malicious prosecution cause of action, and the Garcias had not met their burden of establishing that element. In April 2015, judgment was entered in favor of Allstate in the federal district court action.

On December 21, 2015, the Garcias filed this malicious prosecution action against defendant Gary Rosenberg, the attorney who represented Allstate in the subrogation action.[1] They alleged Rosenberg pursued the subrogation action against them for seven years, even though the Garcias provided him with documentation showing they sold the Aerostar six months prior to the accident with Allstate's insured; he had a default judgment entered against them without proper service of the complaint, garnished their wages, placed a judgment lien on their home, and had their drivers' licenses suspended.

---

[1] Although the second amended complaint contained multiple causes of action, Rosenberg represented in the trial court and here that the only remaining cause of action was malicious prosecution. The Garcias have not disputed that statement and have addressed only the malicious prosecution cause of action in their briefs.

They alleged the subrogation action was filed and maintained without probable cause and was later dismissed.

Rosenberg filed a special motion to strike pursuant to Code of Civil Procedure section 425.16[2] (anti-SLAPP motion).[3] He asserted the Garcias' claims in this action arose out of his protected petitioning activity, which he engaged in as attorney of record for Allstate in the subrogation action. Further, the Garcias would not be able to meet their burden of establishing a probability of prevailing on their claim, because the federal district court action determined that the subrogation action did not result in a termination on the merits favorable to the Garcias. Additionally, Rosenberg asserted the Garcias' claim was barred by the statute of limitations.

The Garcias opposed the motion. The trial court granted the motion, finding that, although Allstate had voluntarily dismissed the subrogation action, the dismissal was not on the merits. Rosenberg's declaration indicated the subrogation action was dismissed to avoid sanctions when his client was unable to have a representative with full settlement authority attend a mandatory settlement conference. The trial court concluded that, in the absence of a favorable termination on the merits, the Garcias could not establish the elements of a malicious prosecution cause of action. Consequently, it found the Garcias had not shown a probability of success on the merits of their case, and the anti-SLAPP motion was granted. The Garcias appeal from the order granting Rosenberg's motion.

## DISCUSSION

### I.     Review of Order on Anti-SLAPP Motion

"A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States

---

[2]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3]     "SLAPP" is an acronym for "strategic lawsuit against public participation." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57, fn. 1.)

Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) An " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a … judicial proceeding, or … (2) any written or oral statement or writing made in connection with an issue under consideration or review by a … judicial body." (§ 425.16, subd. (e).) "The purpose of the statute is to encourage participation in matters of public significance by allowing a court to promptly dismiss unmeritorious actions or claims that are brought to chill another's valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (*Padres L.P. v. Henderson* (2003) 114 Cal.App.4th 495, 508 (*Padres*).)

When a defendant files an anti-SLAPP motion, a two-step process is required. First, "[a] defendant bringing an anti-SLAPP motion to strike must make a prima facie showing that the plaintiff's suit is subject to section 425.16, i.e., that the defendant's challenged acts were taken in furtherance of his constitutional rights of petition or free speech in connection with a public issue, as defined by the statute." (*Padres*, *supra*, 114 Cal.App.4th at p. 508.) Second, "[i]f the defendant makes such a showing, the burden shifts to the plaintiff to demonstrate, by admissible and competent evidence, a reasonable probability that it will prevail on the merits at trial." (*Id*. at pp. 508–509.) " '[T]he plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' " (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88–89.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Id*. at p. 89.)

An order granting an anti-SLAPP motion is an appealable order. (§ 904.1, subd. (a)(13).) "In reviewing an anti-SLAPP motion, a court must consider the pleadings and the evidence submitted by the parties [citation]; however, it cannot weigh the evidence, but instead must simply determine whether the respective party's evidence is sufficient to meet its burden of proof. [Citation.] On appeal, we independently review the trial court's ruling on the motion to strike." (*Padres*, *supra*, 114 Cal.App.4th at p. 509.)

## II. Protected Activity

"The anti-SLAPP statute defines an ' "act in furtherance of a person's right of petition or free speech" ' to include 'any written or oral statement or writing made before a … judicial proceeding ….' [Citation.] The plain language of the anti-SLAPP statute dictates that every claim of malicious prosecution is a cause of action arising from protected activity because every such claim necessarily depends upon written and oral statements in a prior judicial proceeding." (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 214–215.)

The statute does not require that a defendant bringing an anti-SLAPP motion demonstrate that his protected statements or writings were made on his own behalf, rather than on behalf of his client or someone else. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1116.) Consequently, "an attorney who has been made a defendant in a lawsuit based upon a written or oral statement he or she made on behalf of clients in a judicial proceeding or in connection with an issue under review by a court, may have standing to bring a SLAPP motion." (*Jesperson v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 629; accord, *White v. Lieberman* (2002) 103 Cal.App.4th 210, 221.)

The Garcias alleged a cause of action for malicious prosecution against Rosenberg, who acted as counsel of record for Allstate in the subrogation action. The trial court concluded Rosenberg met his burden of showing the Garcias' claim arose out

of Rosenberg's constitutionally protected free speech and petitioning activity rights. In this appeal, the Garcias do not dispute that Rosenberg met his burden of demonstrating their malicious prosecution cause of action arose out of his protected activity. Thus, the first step of the anti-SLAPP analysis is not in issue.

### III. Probability Garcias Will Prevail on Claim

In the second step of the anti-SLAPP analysis, the Garcias had the burden of demonstrating, through admissible and competent evidence, a reasonable probability that they would prevail on the merits of their claim. (*Padres*, *supra*, 114 Cal.App.4th at p. 509.) They were required to make a prima facie showing of facts, supported by evidence, that satisfied all elements of their cause of action. The elements of a malicious prosecution cause of action are that the prior action: "(1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice." (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50.) A favorable termination does not occur merely because the malicious prosecution plaintiff prevailed in the underlying action; the termination must reflect on the plaintiff's innocence of the alleged wrongful conduct. (*Lackner v. LaCroix* (1979) 25 Cal.3d 747, 751.)

The trial court focused on the element of termination of the underlying action in the Garcia's favor. It found that the dismissal of the subrogation action was not a termination on the merits and did not reflect the Garcias' lack of liability in that action. The trial court accepted Rosenberg's declaration, finding that "the only reason Allstate … dismissed [the subrogation action] was because it could not get a representative with full settlement authority at the mandatory settlement conference and it wanted to avoid sanctions." The trial court stated the Garcias did not provide any other reason for Allstate's dismissal, and concluded they had not shown a probability of success on the merits.

We have concerns about the trial court's acceptance of Rosenberg's explanation as establishing Allstate's reasons for dismissal. " '[T]he Legislature did not intend that a court, in ruling on a motion to strike under [the anti-SLAPP] statute, would weigh conflicting evidence to determine whether it is more probable than not that plaintiff will prevail on the claim, but rather intended to establish a summary-judgment-like procedure available at an early stage of litigation that poses a potential chilling effect on speech-related activities.' [Citation.] '[T]he court's responsibility is to accept as true the evidence favorable to the plaintiff.' " (*Daniels v. Robbins*, *supra*, 182 Cal.App.4th at p. 215.)

The reason or intent of Allstate and Rosenberg behind the dismissal of the subrogation action is a matter uniquely within their knowledge, and apparently the only evidence the trial court considered on that issue was Rosenberg's declaration stating his intent.[4] The Garcias were not likely to have direct evidence of Rosenberg's intent, but there were inferences to be drawn from the circumstantial evidence. Rosenberg did not deny that, within a few months after the subrogation action was filed, the Garcias provided him with a document from the Department of Motor Vehicles showing they had sold the Aerostar and filed a release of liability six months before the accident with Allstate's insured. It was undisputed Rosenberg and Allstate pursued the subrogation action vigorously for seven years, including garnishing the Garcias' wages, placing a judgment lien on their home, having their drivers' licenses suspended, and declining to consider the possibility of the Garcias' innocence in light of the evidence they presented, then suddenly dismissed it shortly before trial. The evidence would support an inference in the Garcias' favor that Rosenberg's stated reason was a convenient excuse for a last minute dismissal to avoid a trial he deemed likely to result in a judgment against his

---

**4** After observing that Rosenberg's declaration "explain[ed] that the dismissal had nothing to do with the merits but was procedurally required and motivated," the trial court added, "[a]nd [the Garcias] do not provide any other reason for the dismissal."

client. We note that, in the somewhat analogous summary judgment procedure, the trial court is authorized to deny the motion "if a material fact is an individual's state of mind, or lack thereof, and that fact is sought to be established solely by the individual's affirmation thereof." (§ 437c, subd. (e).)

We need not address that issue further, however, because we conclude a likelihood of success on the merits was not shown because the Garcias' action was barred by the statute of limitations. California does not have a statute of limitations that applies specifically to malicious prosecution causes of action. (*Connelly v. Bornstein* (2019) 33 Cal.App.5th 783, 789 (*Connelly*).) Generally, malicious prosecution actions have been held to be encompassed within the two-year limitations period prescribed for actions for injury to a person caused by the wrongful act or neglect of another (§ 335.1). (*Connelly*, at p. 789.) However, when a malicious prosecution action has been brought against an attorney, courts have held the action is governed by the limitations period set out in section 340.6, subdivision (a): "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." (*Connelly*, at p. 788, fn. 3; see also *Yee v. Cheung* (2013) 220 Cal.App.4th 184, 194; *Vafi v. McCloskey* (2011) 193 Cal.App.4th 874, 880.)

Although one appellate court has held section 340.6 applies only to attorney malpractice actions and not to malicious prosecution actions against attorneys (*Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC* (2014) 225 Cal.App.4th 660, 680), our Supreme Court rejected the view that section 340.6 is limited to malpractice actions in *Lee v. Hanley* (2015) 61 Cal.4th 1225. It disapproved *Roger Cleveland Golf Co., Inc.* to the extent it disagreed, and held "that section 340.6[, subdivision ](a) applies to a claim when the merits of the claim will necessarily depend on proof that an attorney violated a

8.

professional obligation—that is, an obligation the attorney has *by virtue of* being an attorney—in the course of providing professional services." (*Lee*, at p. 1229.) Subsequently, in *Connelly*, the court concluded "an attorney who engages in malicious prosecution violates the obligation, embodied in the Rules of Professional Conduct, to not 'bring or continue an action, conduct a defense, assert a position in litigation, or take an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person.' " (*Connelly*, *supra*, 33 Cal.App.5th at p. 794.) Consequently, it concluded a malicious prosecution action against an attorney who performed professional services in the underlying litigation is governed by the limitations period set out in section 340.6, subdivision (a).

The limitations period—the period in which a plaintiff must bring suit or be barred—runs from the moment a claim accrues. (§ 312; *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.) Ordinarily, a claim accrues from the occurrence of the last element essential to the cause of action. (*Aryeh*, at p. 1191.) A cause of action for malicious prosecution accrues upon dismissal or other termination of the prior action that concludes it in favor of the malicious prosecution plaintiff. (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 846.)

The subrogation action, which the Garcias contend was maliciously prosecuted against them, was dismissed on November 14, 2011. Their malicious prosecution cause of action against Rosenberg accrued at that time. The Garcias were, or should have been, aware on that date that Rosenberg was the attorney who prosecuted the subrogation action against them on behalf of Allstate; his name appeared as attorney of record on the original complaint and other documents filed in the subrogation action. Additionally, they communicated with him to provide the documentation regarding the sale of the vehicle. This malicious prosecution action against Rosenberg was filed on December 21, 2015, more than four years later. It was not timely filed within one year

after discovery, or within four years after the wrongful acts, as required by section 340.6. Consequently, the Garcias' action was barred by the expiration of the limitations period.

In their opposition to Rosenberg's anti-SLAPP motion, the Garcias asserted their action was timely due to late discovery. Their second amended complaint alleged that they discovered, during the federal action against Allstate, that Allstate contracted with CCS Companies (CCS) for CCS to handle Allstate's collections, including pursuing litigation of subrogation claims. They learned it was CCS, rather than Allstate, that retained Rosenberg as Allstate's counsel in the subrogation action. Late discovery of CCS's involvement in the subrogation action, however, does not equate to late discovery of Rosenberg's involvement. The Garcias do not dispute that they were aware during the subrogation action that Rosenberg was the attorney of record prosecuting that action.

In any event, the limitations period imposed by section 340.6 is one year from the discovery of the wrongful act or omission, or four years from the date of the wrongful act or omission, *whichever occurs first*. (§ 340.6.) Rosenberg's alleged wrongful acts of maliciously pursuing the subrogation action against the Garcias ceased when he dismissed the action on November 14, 2011. The outside four-year time period for bringing the action expired November 14, 2015. This action was not filed until December 21, 2015. Thus, the four-year provision of the statute of limitations expired prior to the filing of the complaint, and a later discovery could not extend that period. Consequently, the Garcias' action is time barred.

Because the Garcias' action is time barred, it is not reasonably probable they would prevail on the merits at trial. Consequently, we find no prejudicial error in granting Rosenberg's anti-SLAPP motion.

In closing, we note that the Garcias' plea for justice, made at oral argument, did not fall on deaf ears. We understand and appreciate the obstacles they faced in attempting to defend themselves in the subrogation action and prosecute their malicious prosecution actions. We are constrained to follow the law, however, and must enforce

the statute of limitations.  (*Kupka v. Board of Administration* (1981) 122 Cal.App.3d 791, 794 ["Statutes of limitation ' "are, of necessity, adamant rather than flexible in nature," ' and are ' "upheld and enforced regardless of personal hardship." ' "].)

## DISPOSITION

The May 16, 2017 order granting Rosenberg's anti-SLAPP motion is affirmed. The parties shall bear their own costs on appeal.

_____

HILL, P.J.

WE CONCUR:

_____

SMITH, J.

_____

MEEHAN, J.

11.

Filed 12/4/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| EFRAIN GARCIA et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>GARY ROSENBERG,<br><br>    Defendant and Respondent. | F076012<br><br>(Fresno Super. Ct. No. 15CECG03847)<br><br>**ORDER GRANTING REQUEST FOR PUBLICATION** |

As the nonpublished opinion filed on November 6, 2019, in the above-entitled matter meets the standards for publication specified in the California Rules of Court, rule 8.1105(c), it is hereby ordered that the opinion be certified for publication in the Official Reports.

HILL, P.J.

WE CONCUR:

SMITH, J.

MEEHAN, J.